CAUSE NO. D-1-GN-06-000761

6:06cv341

| | | |
|---|---|---|
| TOMMY RICE AND <br> J.R. "DICKIE" JACKS, JR. <br><br> Plaintiffs <br><br> V. <br><br> THE HONORABLE ROGER <br> WILLIAMS, BOARD OF <br> SUPERVISORS OF PANOLA <br> COUNTY FRESHWATER SUPPLY <br> DISTRICT NO. 1, TIMOTHY BOONE, <br> JAMES YOUNG, DOUGLAS BAKER, <br> SHIRLEY REED, DREW NIXON, <br> LARRY FIELDS <br><br> Defendants. | § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF <br><br> FILED 06 MAR -3 AM 10: 54 <br><br> TRAVIS COUNTY, TEXAS <br><br> 98 JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY AND PERMANENT INJUNCTION

Tommy Rice and J.R. "Dickie" Jacks, Jr. file this Original Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunction against the Board of Supervisors of Panola County Freshwater Supply District No. 1, Timothy Boone, James Young, Douglas Baker, Shirley Reed, Drew Nixon, and Larry Fields (collectively, the "Water District Defendants"), and The Honorable Roger Williams, respectfully showing the Court as follows:

### SUMMARY OF THE CASE

The current members of the Water District board have improperly denied Tommy Rice and Dickie Jacks their right to run for a position on the board in a calculated scheme to entrench themselves in office and permit them to take further actions likely to decrease Plaintiffs' property values. The Secretary of State has confirmed that the election status is irreconcilably in conflict with the Election Code and that court or legislative intervention is needed. Plaintiffs file this action seeking a fair and equitable Water District election.

1

Case 6:06-cv-00341-MHS Document 28 Filed 07/31/06 Page 2 of 17 PageID #: 439
Case 1:06-cv-00253-SS Document 1 Filed 04/06/2006 Page 3 of 30
March 3, 2006

## DISCOVERY LEVEL

1. Pursuant to Rule 190.1, discovery shall be conducted under Level 3 and Plaintiffs shall seek the entry of a scheduling order.

## PARTIES

2. Tommy Rice is an individual who resides and owns real property in Panola County, Texas.

3. J.R. "Dickie" Jacks, Jr. is an individual who resides and owns real property in Panola County, Texas.

4. The Honorable Roger Williams is the Texas Secretary of State and is the chief election officer of the state. He can be served with process at 1019 Brazos Street, Austin, Texas 78701.

5. The Board of Supervisors of Panola County Freshwater Supply District No. 1 (the "Water District") can be served with process through its Chairman, Timothy Boone at 291 Private Road 5061, Carthage, Texas 75633.

6. Timothy Boone is Chairman of the Board of Supervisors of the Water District and can be served with process at 291 Private Road 5061, Carthage, Texas 75633.

7. James Young is a Member of the Board of Supervisors of the Water District and can be served with process at 467 County Road 194, Gary, Texas 75643.

8. Douglas Baker is a Member of the Board of Supervisors of the Water District and can be served with process at 135 FM 1244, Gary, Texas 75643 or P.O. Box 157, Gary, Texas 75643.

9. Shirley Reed is a Member of the Board of Supervisors of the Water District and can be served with process at 2791 County Road 302, Carthage, Texas 75633.

Case 6:06-cv-00341-MHS Document 28 Filed 07/31/06 Page 3 of 17 PageID #: 440
Case 1:06-cv-00253-SS Document 1 Filed 04/06/2006 Page 3 of 56
March 3, 2006

10. Drew Nixon is an accountant and acting election supervisor for the Water District and can be served with process at 208 County Road 219, Carthage, Texas 75633 or 1509 W. Panola, Carthage, Texas 75633.

11. Larry Fields is an attorney for the Water District and can be served with process at 300 Martin Lane, Carthage, Texas 75633 or 405 W. Panola, Carthage, Texas 75633.

### JURISDICTION & VENUE

12. This Court has jurisdiction over this action challenging the proposed and past elections for the Board of Supervisors of Panola County Freshwater Supply District No. 1 as in violation of the Texas Election Code. Among other things, this Court has jurisdiction to order injunctive relief to remedy past and threatened Election Code violations pursuant to Texas Election Code § 273.081.

13. Jurisdiction is proper in this Court because the requested relief is within the jurisdictional parameters for this Court. This Court has personal jurisdiction over Defendants as residents and/or public officials of the State of Texas.

14. Venue is proper in Travis County, Texas pursuant to Texas Civil Practice and Remedies Code § 65.023 because it is a suit for a writ of injunction against the Texas Secretary of State, who for purposes of venue, resides and is domiciled in Travis County, Texas. Venue is also proper in Travis County, Texas pursuant to Texas Civil Practice and Remedies Code § 15.014 because Secretary Williams is a member of the Executive Department of the State of Texas. Venue is proper against all other defendants in Travis County pursuant to Texas Civil Practice and Remedies Code § 15.005.

Case 6:06-cv-00341-MHS Document 28 Filed 07/31/06 Page 4 of 17 PageID #: 441
Case 1:06-cv-00253-SS Document 1 Filed 04/06/2006 Page 10 of 30
March 3, 2006

## FACTUAL BACKGROUND

### Introduction

15. Plaintiffs seek a fair and equitable election for the Board of Supervisors of Panola County Freshwater Supply District No. 1. The past several elections for the Water District board have been rife with improprieties and irregularities. Among other things, the Water District board failed to comply with House Bill 2148 (a special law that governed the Water District's board elections), failed to comply with the Election Code, and has unilaterally reorganized the positions and terms of the current board in an attempt to entrench themselves in office to the exclusion of those who have significant stakes in the operations of the Water District. Moreover, the Water District Defendants have effectively rejected both Plaintiffs' applications to run for the Water District board in the upcoming May 13th election, thereby depriving them of their rights to participate in local government and depriving the residents of the district the right to vote for qualified candidates of their choice. In addition, the actions of the Water District threaten Plaintiffs' property rights because the Water District board has unilaterally sought to prevent property sales unless residents agree to terms that cede valuable rights to the Water District. Plaintiffs seek appropriate remedies necessary to bring the Water District election into compliance with the Texas Election Code and other applicable laws.

### Background of Water District and Applicable Laws

16. The Water District, among other things, owns and operates Lake Murvaul in Carthage, Panola County, Texas and approximately 4,000 acres surrounding the lake. Importantly, the Water District controls the leases of land surrounding Lake Murvaul to the public. The Water District also administers water supplies drawn from Lake Murvaul.

17. Until May 1977, the Water District was administered as a general-law fresh water

Case 6:06-cv-00341-MHS Document 28 Filed 07/31/06 Page 5 of 17 PageID #: 442
Case 1:06-cv-00253-SS Document 4 Filed 04/06/2006 Page 11 of 60
March 3, 2006

supply district. On May 12, 1977, the Legislature enacted House Bill 2148, a special law that defined the terms of office, election, and organization of the board of supervisors of the Water District to replace the general laws that were then in effect. A true and correct copy of House Bill 2148 is attached as Exhibit A and incorporated by reference. House Bill 2148 required that three supervisors be elected in the elections held in odd-numbered years and that two supervisors be elected at the election held in even-numbered years.

18. Effective September 1, 1995, the Legislature added Texas Water Code § 49.103 requiring "the members of the board of a district shall serve for four-year terms." TEX. WATER CODE § 49.103(a). The Legislature mandated that the four-year term requirement "shall take precedence over all prior statutory enactments." TEX. WATER CODE § 49.103(e). However, other provisions of Chapter 49 do not apply to special law districts if they conflict with a provision in any other chapter of the Water Code or any act creating or affecting a special law district. According to Texas Water Code § 49.103, all of the Water District supervisors should have been up for reelection in 1998.[1] Three of the supervisors could have been randomly chosen to serve an initial two-year term and the remaining supervisors would have served until 2002.[2]

19. Despite the 1995 legislation, the Water District held elections for the positions of two supervisors for two year terms during 1998, 2000, 2002 and 2004. The Water District held elections for the positions of three supervisors for two year terms in 1999, 2001 and 2003. As a result, it is now uncertain which positions of the Water District should be up for election and what term of office should apply to any of those positions.[3] But these were not the only election irregularities.

---

[1] See Ex. B, February 15, 2006 letter from Ann McGeehan, Director of Elections, Office of the Texas Secretary of State.
[2] See id.
[3] See id.

5

Case 6:06-cv-00341-MHS Document 28 Filed 07/31/06 Page 6 of 17 PageID #: 443
Case 1:06-cv-00253-SS Document 1 Filed 04/06/2006 Page 12 of 56
March 3, 2006

20. During the 2003 Water District election, the ballot box was improperly moved from a local public high school to Defendant Nixon's private office. The change in polling place was made after advertising that the election would occur at the high school, and the change was made without any action by the board or pre-clearance.[4]

21. No Water District election was held in 2005. Tommy Rice applied to run for election to the Water District in 2005.[5] At first, the Water District claimed that Mr. Rice was not eligible to run for election because he leased but did not own land in Panola County.[6] After later conceding that Mr. Rice was eligible to run for election in 2005, the Water District cancelled the 2005 election relying on the purported authority of Texas Water Code § 49.103, although it had ignored the statute for the first ten years after it was enacted.[7]

Improper Realignment of Board Positions and Extension of Terms

22. Since its inception, the board of supervisors has consisted of five supervisors elected on an at-large basis. On or about December 13, 2005, after numerous complaints from residents expressing their displeasure with the board's activities and without providing any rationale, the Water District board approved a scheme to change its board membership from five at-large members to four single-district members and one at-large member. Also on that date, the board assigned the existing supervisors to represent specific districts within the Water District, without regard to the supervisors' actual residences. For example, the Water District board approved the assignment of dissenting supervisor Barbara Perritte to represent Precinct 2, when she resides in Precinct 1, thus precluding her from running for reelection to her position.[8]

23. The board never specifically defined the boundaries of the four single-member

---

[4] Ex. C, Jacks Aff.
[5] Ex. D, Rice Aff.
[6] Id.
[7] Exs. C & D; Jacks Aff. & Rice Aff.

6

districts, nor did the board identify the legal basis for assigning single-member districts to individuals who did not live in those districts.[9] Chapter 53 of the Water Code, which applies specifically to fresh water supply districts, belies the Water District's position that it may assign the board positions to specific precincts. Texas Water Code § 53.063's only requirement for candidacy is that a qualified supervisor candidate must "be a registered voter of the district." The Water District board has now effectively added the requirement that the candidate also live within the single-member district they seek to represent.

24. The board also purported to readjust the terms of the sitting supervisors. Specifically, the supervisors determined that the at-large and Precinct 1 Water District positions would <u>not</u> be open for election until 2008.[10]

25. This calculated plan was intended to improperly preclude those candidates who are the most interested and who have the most at stake from running for election to the Water District. Although the boundaries of Precinct 1 have never been specifically determined, the Water District board now claims that Precinct 1 consists of the portion of Panola County that surrounds Lake Murvaul. In addition to obtaining water from the Water District, the Panola County residents who live in Precinct 1 lease their property from the Water District. Precinct 1 residents have the largest vested interest in the operations and decisions of the Water District. Thus, they are the most likely to be motivated to run for election to the Water District. To date all three candidates who have filed to run in the May 2006 election are from Precinct 1. By their calculated actions, the Water District Defendants are attempting to preclude the participation of Precinct 1 candidates and prevent a fair and equitable election.

---

[8] Ex. C, Jacks Aff.
[9] Ex. B.
[10] Ex. C, Jacks Aff.

March 3, 2006

Improper Rejection of Applications for Ballot Placement

26. The next election for the board of supervisors of the Water District is scheduled for May 13, 2006. The deadline to file for a place on the ballot for that election is March 13, 2006.

27. The law contains minimal requirements to apply for candidacy on the Water District. Specifically, Texas Water Code § 53.063 requires only that "[t]o be qualified for election as a supervisor, a person must be a registered voter of the district." Similarly, there are no special requirements for submitting an application to be placed on the ballot. Texas Election Code § 1.007 clearly provides that "[w]hen this code provides for the delivery, submission, or filing of an application ... a delivery, submission, or filing with an employee of the authority at the authority's usual place for conducting official business constitutes filing with the authority."

28. On or about December 21, 2005, Plaintiff Dickie Jacks submitted an application for placement on the ballot for the board of supervisors in the upcoming May election to Defendant Nixon. Defendant Nixon is the current accountant for the Water District and has acted as the Water District's election supervisor for the past several elections. Defendant Nixon rejected the application, claiming first that it was too soon to apply and then that the position for Precinct 1 was not available during the May election.[11]

29. On or about January 10, 2006, Plaintiff Tommy Rice submitted his application for placement on the ballot for the May 2006 election to Doug Baker, the Water District's secretary.[12] Defendant Baker referred Plaintiff Rice to Defendant Nixon. While Defendant Nixon accepted the application on that date, he later returned the application to Mr. Rice with a letter dated January 12, 2006 claiming that it was too early to apply for candidacy in the

---

[11] See Ex. C, Jacks Aff..
[12] See Ex. D, Rice Aff.

8

Case 6:06-cv-00341-MHS Document 28 Filed 07/31/06 Page 9 of 17 PageID #: 446
Case 1:06-cv-00253-SS Document 1 Filed 04/06/2006 Page 15 of 56
March 3, 2006

election.[13]

30. The excuses the Water District Defendants have given for refusing the applications are inconsistent with the unambiguous provisions of Texas law. The Secretary of State has confirmed that it is never too early to submit an application.[14] Absent appropriate injunctive relief, Plaintiffs will not be able to apply for candidacy for the Water District by the March 13th deadline. While Plaintiffs' applications were apparently later accepted, on March 1, 2006, the candidates were informed through an article in the local newspaper that no one would be allowed to run for the Precinct 1 or at-large positions, denying all of the current candidates the right to be on the May 2006 ballot.[15]

31. All of the acts and omissions described above have been performed by or on behalf of the Water District Defendants either in their capacity as supervisors of the Water District or agents and/or representatives of the Water District. The acts of each of the Water District Defendants were sufficiently intertwined with the state to constitute actions under color of law.

### Plaintiffs' Futile Attempts to Remedy the Election Violations

32. The Texas Secretary of State is the chief elections officer of the State of Texas. In that capacity, the Secretary of State has the duty to obtain and maintain uniformity in the application, operation and interpretation of the Election Code and other election laws. The Secretary of State also must assist and advise all election authorities with regard to the application, operation and interpretation of the Election Code and other election laws. As a result, Plaintiffs have reported the Election Code violations and improprieties of the Water District elections to the Secretary of State.

---

[13] *See id.*
[14] *See* Ex. B.

Case 6:06-cv-00341-MHS Document 28 Filed 07/31/06 Page 10 of 17 PageID #: 447
Case 1:06-cv-00253-SS Document 1 Filed 04/06/2006 Page 16 of 50
March 3, 2006

33. The Secretary of State agrees that the past and contemplated Water District elections are irreconcilably in violation of the Election Code. *See* February 15, 2006 letter from Ann McGeehan, Director of Elections, Office of the Texas Secretary of State, attached hereto as Exhibit B. The Secretary of State agrees that it is now unclear which Water District positions should be up for election in 2006.[16] The Secretary of State cannot even determine the appropriate length of terms for the various Water District positions.[17] Moreover, Texas statutes do not provide guidance on how to untangle the mess the current Water District board has created. Instead, the Secretary of State proposed that "correction of this problem must be left to" legislation, court order, or both.[18]

34. The Texas Attorney General, the Texas Rangers, and Panola County's District Attorney have investigated or are investigating the Water District's election violations. However, these other measures will not result in adequate relief or a remedy of the improprieties before the May 13, 2006 election and certainly not before the March 13, 2006 deadline to file for a place on the ballot.

### The Water District Defendants' Deprivation of Property Rights

35. Many of the residents of Panola County who have houses surrounding Lake Murvaul do not own the land on which their houses are built. Instead, they lease the land from the Water District. Before 2003, the Water District entered into 99-year leases that were expressly transferable. After 2003, the Water District Defendants have systematically refused to agree to lease transfers of the 99-year lease forms when houses were sold. Instead, the Water District has insisted on Panola County residents agreeing to one-year leases that contain

---

[15] *See* Ex. C, Jacks Aff.
[16] *See* Ex. B.
[17] *See id.*
[18] *Id.*

Case 6:06-cv-00341-MHS Document 28 Filed 07/31/06 Page 11 of 17 PageID #: 448
Case 1:06-cv-00253-SS Document 1 Filed 04/06/2006 Page 17 of 56
March 3, 2006

provisions much less favorable to the lessees. This improper practice has threatened the property values of the Panola County residents living on Lake Murvaul.

## CAUSES OF ACTION

### A.
### DECLARATORY JUDGMENT

36. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 35.

37. Plaintiffs seek a declaration under the Texas Declaratory Judgment Act, Texas Civil Practice & Remedies Code. §§ 37.001 *et. seq.* that the actions of the Water District violate the Texas Election and/or Water Codes. Specifically, Plaintiffs seeks a declaration from the Court that (1) Defendants' refusal to accept the applications of Tommy Rice and J.R. "Dickie" Jacks, Jr. for placement on the ballot for the May 13, 2006 election of the Water District violates the Texas Election and/or Water Codes, (2) the Water District board's self assignment of members to precincts within the Water District violates the Texas Election and/or Water Codes, and (3) Water District board's unilateral determination that only the positions for supervisors representing Precincts 2, 3 and 4 are up for election on May 13, 2006 violates the Texas Election and/or Water Codes.

38. Plaintiffs also seek their costs and reasonable and necessary attorneys' fees under Texas Civil Practice & Remedies Code. § 37.009.

### B.
### VIOLATIONS OF 42 U.S.C. § 1983

39. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 38.

March 3, 2006

40. The Water District Defendants have acted under color of law and caused Plaintiffs to be subjected to the deprivation of their constitutional rights and privileges. Among other things, the Water District Defendants have engaged in a calculated scheme to entrench themselves in office to the exclusion of candidates who would otherwise be eligible to run for election. The Water District Defendants' systematic plan has deprived Plaintiffs of their right to vote and deprived them of valuable property rights.

41. Plaintiffs seek all available remedies for the Water District Defendants' violations of 42 U.S.C. § 1983, including but not limited to, injunctive relief.

## CONDITIONS PRECEDENT

42. All conditions precedent for the bringing of this lawsuit have been satisfied.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER AND FOR TEMPORARY AND PERMANENT INJUNCTION

43. Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 42.

44. Pursuant to Texas Rules of Civil Procedure 680-693, Civil Practice and Remedies Code §§ 65.001, *et seq.*, Texas Election Code § 273.081, and 42 U.S.C. § 1983, Plaintiffs request that this Court grant a temporary restraining order and temporary injunction to prevent immediate, severe, and irreparable injury to Plaintiffs for which Plaintiffs have no adequate remedy at law. This application is supported by the affidavits of Plaintiffs J.R. "Dickie" Jacks, Jr. and Tommy Rice, which are attached to this Petition as Exhibits C and D, respectively, and are incorporated by reference.

45. Defendants have committed wrongful acts as described above and Plaintiffs are likely to prevail on the merits of their claims against Defendants. Injunctive relief is appropriate because Defendants have improperly deprived Plaintiffs of their rights to vote and participate in

Case 6:06-cv-00341-MHS   Document 28   Filed 07/31/06   Page 13 of 17 PageID #: 450
Case 1:06-cv-00253-SS   Document 1   Filed 04/06/2006   Page 19 of 56
March 3, 2006

the political process and property rights, and unless enjoined, will continue to deprive Plaintiffs of these rights.

46. Absent injunctive relief, Plaintiffs will suffer imminent and irreparable harm. Without an order immediately enjoining Defendants from rejecting the application of candidates for the Water District and enjoining them from holding an unauthorized election on May 13, 2006, Plaintiffs will suffer the infringement of their Constitutional and statutory rights. Specifically, Plaintiffs will be deprived the rights to run for office and vote for the qualified candidate of their choice. And if the Water District board is allowed to continue its manipulation of the laws, it will continue to deprive Plaintiffs of their property rights.

47. Plaintiffs have no adequate remedy at law for the threatened injury. Plaintiffs have sought assistance from the State of Texas. As a result, the Texas Secretary of State has confirmed that intervention is needed, but did not take any action to remedy the problem. Absent injunctive relief, Plaintiffs will lose the right to run for election and vote for qualified candidates, and the damage of such losses cannot be readily calculated. Because of the fundamental nature of the infringed rights, injunctive relief is the only true remedy.

48. Furthermore, the purpose of the requested temporary restraining order is to preserve the status quo of the subject matter of the litigation—the last peaceable situation before Defendants began improperly rejecting Plaintiffs' applications for placement on the Water District ballot and improperly reorganized the board into single-member districts.

49. It is essential that this Court act immediately, prior to notice to Defendants and a hearing on the matter because March 13, 2006 is the deadline for application for placement on the ballot for the May 13, 2006 election. The Water District Defendants' systematic blockade of qualified candidates makes waiting until notice and opportunity for a hearing impracticable and

Case 6:06-cv-00341-MHS Document 28 Filed 07/31/06 Page 14 of 17 PageID #: 451
Case 1:06-cv-00253-SS Document 1 Filed 04/06/2006 Page 20 of 56
March 3, 2006

would result in an unfair and improper election. Any further delay of the requested relief would render Plaintiffs' request for injunctive relief ineffectual.

50. Temporary and permanent injunctive relief is appropriate under Texas Election Code § 273.081 and Civil Practice and Remedies Code § 65.011 because Plaintiffs are entitled to the relief requested and all or part of the relief requires the restraint of some act prejudicial to Plaintiffs. Further, Plaintiffs are entitled to injunctive relief under the principles of equity and the statutes of this state relating to injunctions.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Tommy Rice and J.R. "Dickie" Jacks, Jr. request that the Court enter a temporary restraining order without notice:

1. Enjoining the Board of Supervisors of Panola County Freshwater Supply District No. 1, Timothy Boone, James Young, Douglas Baker, Shirley Reed, Drew Nixon, and Larry Fields from:

   a. Rejecting any applications for placement on the ballot for the May 13, 2006 election for supervisors of the Panola County Freshwater Supply District No. 1;

2. Ordering the Board of Supervisors of Panola County Freshwater Supply District No. 1, Timothy Boone, James Young, Douglas Baker, Shirley Reed, Drew Nixon, and Larry Fields to:

   a. Accept the application of J.R. "Dickie" Jacks, Jr. for placement on the ballot for the May 13, 2006 election for supervisors of the Panola County Freshwater Supply District No. 1 as timely and properly submitted on December 21, 2005;

   b. Accept the application of Tommy Rice for placement on the ballot for the May 13, 2006 election for supervisors of the Panola County Freshwater Supply District No. 1 as

Case 6:06-cv-00341-MHS Document 28 Filed 07/31/06 Page 15 of 17 PageID #: 452
Case 1:06-cv-00253-SS Document 1 Filed 04/06/2006 Page 21 of 56
March 3, 2006

timely and properly submitted on January 10, 2006;

  c. Hold an election for all five supervisors of the Panola County Freshwater Supply District No. 1 on an at-large basis on May 13, 2006;

  d. Hold the election for the supervisors of the Panola County Freshwater Supply District No. 1 on May 13, 2006, including the absentee balloting, at a public school in Panola County; and

  e. Place an advertisement of the location of the May 13, 2006 election for the supervisors of the Panola County Freshwater Supply District No. 1 in the local newspaper for at least seven consecutive issues beginning at least 21 days before May 13, 2006;

  3. Ordering The Honorable Roger Williams to oversee the May 13, 2006 election for the supervisors of the Panola County Freshwater Supply District No. 1 to ensure compliance with the Election Code and this Court's orders.

Plaintiffs Tommy Rice and J.R. "Dickie" Jacks, Jr. also request that the Board of Supervisors of Panola County Freshwater Supply District No. 1, Timothy Boone, James Young, Douglas Baker, Shirley Reed, Drew Nixon, Larry Fields, and The Honorable Roger Williams be cited to appear and answer, and that the Court enter a temporary and permanent injunction:

  1. Enjoining the Board of Supervisors of Panola County Freshwater Supply District No. 1, Timothy Boone, James Young, Douglas Baker, Shirley Reed, Drew Nixon, and Larry Fields, from:

  a. Rejecting any applications for placement on the ballot for the May 13, 2006 election for supervisors of the Panola County Freshwater Supply District No. 1;

  2. Ordering the Board of Supervisors of Panola County Freshwater Supply District No. 1, Timothy Boone, James Young, Douglas Baker, Shirley Reed, Drew Nixon, and Larry

15

Case 6:06-cv-00341-MHS Document 28 Filed 07/31/06 Page 16 of 17 PageID #: 453
Case 1:06-cv-00253-SS Document 1 Filed 04/06/2006 Page 22 of 56
March 3, 2006

Fields to:

    a.    Accept the application of J.R. "Dickie" Jacks, Jr. for placement on the ballot for the May 13, 2006 election for supervisors of the Panola County Freshwater Supply District No. 1 as timely and properly submitted on December 21, 2005;

    b.    Accept the application of Tommy Rice for placement on the ballot for the May 13, 2006 election for supervisors of the Panola County Freshwater Supply District No. 1 as timely and properly submitted on January 10, 2006;

    c.    Hold an election for all five supervisors of the Panola County Freshwater Supply District No. 1 on an at-large basis on May 13, 2006;

    d.    Hold the election for the supervisors of the Panola County Freshwater Supply District No. 1 on May 13, 2006, including the absentee balloting, at a public school in Panola County; and

    e.    Place an advertisement of the location of the May 13, 2006 election for the supervisors of the Panola County Freshwater Supply District No. 1 in the local newspaper for at least seven consecutive issues beginning at least 21 days before May 13, 2006;

    3.    Ordering Secretary Williams to oversee the May 13, 2006 election for the supervisors of the Panola County Freshwater Supply District No. 1 to ensure compliance with the Election Code and this Court's orders.

Plaintiffs also request that, if appropriate, the Court award them damages, reasonable and necessary attorneys' fees, costs of court, and such other and further relief, both at law and in equity, to which Plaintiffs may be deemed justly entitled.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD L.L.P.

DAVID P. WHITTLESEY
State Bar No. 00791920
MICHAEL SIMONS
State Bar No. 24008042
CHRISTOPHER H. TAYLOR
State Bar No. 24013606
300 West Sixth Street, Suite 2100
Austin, Texas 78701
(512) 499-6200
(512) 499-6213 FAX

ATTORNEYS FOR PLAINTIFFS