IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TOMMY RICE and<br>J.R. JACKS, JR. | § § § § | |
| VS. | § | CAUSE NO. 6:06cv341 |
| ROGER WILLIAMS, ET AL | § § § | |

### DEFENDANT LARRY FIELDS' MOTION FOR SUMMARY JUDGMENT

Now comes Larry Fields, Defendant herein, by and through his attorneys of record, and file this his Motion for Summary Judgment and in support thereof would respectfully show the Court as follows:

### Procedural History of the Case

1. On March 3, 2006, Plaintiff Tommy Rice, Jr. and former Plaintiff J. R. Jacks, Jr., filed their original petition and application for temporary restraining order and temporary and permanent injunction in the 98th Judicial District Court of Travis County, Texas. Plaintiffs filed suit against the Board of Supervisors of Panola County Freshwater Supply District No. 1 ("PCFSD#1"), Timothy Boone, James Young, Douglas Baker and Shirley Reed (all board members of PCFSD#1) and Drew Nixon (PCFSD#1's CPA) and Larry Fields (PCFWSD #1's legal counsel). Plaintiff also filed suit against Roger Williams the Texas Secretary of State.

2. Plaintiff's application for temporary injunction was denied by the state district court on March 24, 2006.[1]

3. Plaintiffs non-suited Roger Williams, the Texas Secretary of State, on April 4, 2006.

---

[1] Exhibit A-- Order denying Plaintiff's Application for Temporary Injunction.

1

4. The remaining Defendants removed the case to Federal Court in the Western District of Texas, Austin Division, on April 6, 2006.

5. Plaintiff J. R. Jacks, Jr., dismissed his claims against the remaining Defendants on June 6, 2006.

6. Defendants filed a motion to transfer venue from the Western District of Texas to the Eastern District of Texas on June 2, 2006. The Court granted Defendants' motion to transfer venue and transferred the case to the United States District Court for the Eastern District of Texas, Tyler Division, on July 25, 2006.

7. An adequate time for discovery has passed. The required initial disclosures have been exchanged between the parties. The Plaintiff has deposed Defendants Timothy Boone, James Young, Douglas Baker, Shirley Reed, Drew Nixon and Larry Fields.

8. Defendant Larry Fields now files this his motion for summary judgment as to all of Plaintiff Tommy Rice's claims against him.

## Summary of the Dispute

9. This dispute arises from the PCFSD#1's attempt to create an election scheme that would meet the requirements of the provisions of the Texas Water Code § 49.103[2] which became effective September 1, 1995. Texas Water Code § 49.103 requires that members of the board of a water district serve for four years and that elections for the board of water districts be held on even-numbered years. Unfortunately, PCFSD#1 did not become aware of the legislation until 2005. When the water district became aware of the legislation it took steps to comply with the requirements of Texas Water Code § 49.103--four-year terms for board members and elections in even-numbered years. In order to comply with the law, the water district cancelled elections

---

[2] Exhibit B—Texas Water Code § 49.103.

scheduled for 2005 since they were not authorized by statute.  Prior to the discovery of the change to the Water Code the PCFSD#1 was holding elections on odd and even-numbered years and was holding elections for its directors every two years rather than four years as required by Texas Water Code § 49.103.  The water district took steps to comply as soon as it was made aware of the change in the law.

10. When the law was changed in 1995, former Plaintiff J. R. Jacks, Jr. was a member of the Board of Supervisors of PCFSD#1.  He took no action to implement the changes required by the Texas Water Code.  None of the individuals sued by Plaintiff Tommy Rice were on the board in 1995.

11. In the fall of 2005 the board members of PCFSD#1 voted to make changes in the election process to bring the PCFSD#1 in compliance with the Texas Water Code and to create single-member districts based upon the single-member districts of the Panola County Commissioner's Court.[3]  Single-member district were authorized by Texas Water Code § 49.103.  The new election scheme, approved by a vote of the board members, included four single-member districts and one at-large board member.  This election procedure was submitted to the Department of Justice for pre-approval and was approved by the Justice Department.[4]

## Summary Judgment Standard

12. Summary judgment may be granted if the moving party demonstrates there is no genuine issue of material fact and it is entitled to judgment as a matter of law.  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); Fed. R. Civ. P. 56(c).  In deciding the Defendants' summary judgment motion, all facts and inferences will be construed in the Plaintiff's favor.  The Fifth Circuit, however has made it clear that the "standard of review is not merely whether there is a

---

[3] Exhibits C and K.
[4] Exhibits C, D, E and K.

sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." *James v. Sadler,* 909 F.2d 834, 837 (5th Cir. 1990) *(citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). If there is only one reasonable conclusion as to the verdict, then there is no issue of fact and the moving party is entitled to summary judgment. *See, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).

13. Both parties bear burdens of producing evidence in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). First; "[t]he moving party must show that, if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof." *Hart,* 127 F.3d 424, 435 (5th Cir. 1997) (*citing Celotex,* 477 U.S. at 327). If the moving party meets its initial burden, then the non-moving party must "set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings." *Id*. However, "[n]either 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the non-movant's burden." *Wallace v. Texas Tech Univ*., 80 F.3d 1042, 1047 (5th Cir. 1996).

## Summary Judgment Evidence

14. Defendant Larry Fields submits as evidence in support of his Motion for Summary judgment the following exhibits, which are included in the Appendix and incorporated herein by reference for all purposes:

Exhibit A—Order denying Plaintiff's Application for Temporary Injunction.

Exhibit B—Texas Water Code 49.103.

Exhibit C—1/12/06 Letter from Timothy Boone to Department of Justice.

Exhibit D—1/25/06 Letter from attorney Robert Bass to Department of Justice.

Exhibits E—3/27/06 Letter from John Tanner of DOJ to attorney Robert Bass.

Exhibit F—Plaintiff's Responses to Defendants' First Requests for Admissions # 1-5.

Exhibit G—Plaintiff's lease agreements with Defendant PCFWSD # 1(executed 11/07/94).

Exhibit H—Plaintiff's Responses to Defendants' Third Requests for Admissions # 3.

Exhibit I—Affidavit of Tim Boone.

Exhibit J—Deposition of Larry Fields p. 8 ln. 1—14; p. 9 ln. 13—p. 10 ln. 10.

Exhibit K—2/3/06 Letter from attorney Robert Bass to Timothy Boone.

## **Plaintiff's Claim for a Declaratory Judgment**

15.     In paragraphs 36 through 38 of his First Amended Petition Plaintiff seeks a declaratory judgment under the Texas Declaratory Judgment Act, Texas Civil Practice & Remedies Code § 37.001 *et.seq.* that "the actions of the Water District violate the Texas Election and/or Water Codes."

16.     The state district court has already denied the Plaintiff's claims for injunctive relief. Plaintiff's claims for declaratory relief should also be dismissed. Under Texas law a declaratory judgment is not available to resolve issues already pending in the same suit before the Court. *BHPPet. Co. v. Millard,* 800 S.W.2d 838, 841 (Tex. 1990); *Musgrave v Owen,* 67 S.W.3d 513, 520 (Tex.App.—Texarkana 2002); *Boatman v. Lites,* 970 S.W.2d 41, 43 (Tex.App.—Tyler 1998). Plaintiff's declaratory judgment action does not address any issues other than ones already addressed in Plaintiff's allegations that his constitutional rights were violated and his claims for injunctive relief.

17.     Further, Plaintiff's claim for declaratory relief should be dismissed because all necessary parties are not parties to the litigation. Texas Civil Practice & Remedies Code § 37.006 requires

that any person with a claim or interest that would be affected by the declaration must be made parties to the litigation. J.R. Jacks is no longer a party to the litigation and the Plaintiff has not made former board member Barbra Perritte a party to the litigation.

### Plaintiff's 42 U.S.C. § 1983 claims

### Plaintiff's Allegations of Deprivation of Property Rights

18. Paragraph 35 of Plaintiff's First Amended Petition alleges that the "Water District" Defendants have deprived him of property rights by refusing to agree to the transfers of 99-year lease forms when houses around Lake Murvaul were sold.

19. Plaintiff does not have standing for this claim. In the last five years plaintiff Tommy Rice has never sought an assignment of his leases with the PCFWSD #1. Plaintiff has not attempted to sell his property that is subject to such a lease and the Plaintiff has never been denied financing based upon the terms of such a lease.[5]

20. Plaintiff Tommy Rice does not have any standing to complain about the transferability or non-transferability of a 99-year lease. Mr. Rice does not have a 99-year lease with the PCFWSD #1. Plaintiff Tommy Rice has two six-month leases with the PCFWSD #1. Mr. Rice's leases, which were executed in 1994, are assignable subject to the express written consent of the Board of Supervisors of the PCFWSD #1.[6] The terms of Plaintiff's leases have not been changed.[7]

21. Plaintiff's claim is not ripe. Plaintiff has not attempted to sell his property and/or transfer his leases. Further, Plaintiff has not exhausted all his state law remedies. If he has a dispute with PCFSD #1 as to the terms of his leases he should pursue a state law breach of contract claim. Since Plaintiff has adequate state law remedies for his contract dispute with PCFWSD #1, his 42

---

[5] Exhibit F—Plaintiff's Responses to Defendants' First Requests for Admissions # 1-5.
[6] Exhibit G-- Plaintiff's lease agreements with Defendant Panola County Freshwater Supply District No. 1 (executed 11/07/94; Bates labeled Rice Lease 01-04).
[7] Exhibit H-- Plaintiff's Responses to Defendants' Third Requests for Admissions # 3.

U.S.C. § 1983 claim for deprivation of property rights should be dismissed. *Fontana v. Barham*, 707 F.2d 221, 227 (5th Cir. 1983).

22. Furthermore, Plaintiff has absolutely no evidence that the actions of Defendant Larry Fields have deprived him of any constitutionally protected property right.

### Deprivation of the Right to Vote

23. In paragraph 45 of Plaintiff's First Amended Petition Plaintiff claims that he has been deprived of rights to vote by the actions of the Defendants. Plaintiff does not identify how he has been deprived of the right to vote by Defendant Larry Fields. Plaintiff has no evidence that he has been denied the right to vote or denied any constitutionally protected right by the actions of Defendant Larry Fields.

24. Plaintiff disagrees with the way the board members voted to come into compliance with the Texas Water Code § 49.103. The Plaintiff does not have a constitutionally protected right to vote or to run for an office that is not scheduled for election until 2008. Plaintiff has no constitutionally protected right to demand that an election be held in 2006, rather than 2008, for the office that he seeks. The single-member district for place #1 and the at large position are up for election in 2008. Plaintiff can run for either of those positions in 2008.

25. In the alternative, even if Plaintiff were to produce evidence that the election scheme voted on by the board members resulted in a violation of his constitutional rights, Defendant Larry Fields did not vote for or against the election scheme.[8] Mr. Fields is an attorney in private practice. He is not an officer holder on the Board of Supervisors of PCFWSD #1. Mr. Fields was not a "state actor" for the purposes of Plaintiff's 42 U.S.C. §1983 claim. Further, Plaintiff

---

[8] Exhibit I—Tim Boone's Affidavit para. 4 "…All actions taken by Panola County Freshwater Supply District #1 with respect to plaintiff's claims were taken in Panola County Freshwater Supply District #1 *by persons holding office* lawfully and in due course of law, on behalf of Panola County Freshwater Supply District #1.

does not have any evidence that Mr. Fields was involved in a conspiracy that would make him subject to liability under 42 U.S.C. §1983.

26.     Mr. Fields testified at his deposition that he did not advise the board members as to election matters.[9]  It is clear that the board sought advice from another attorney regarding election matters.[10]  It is clear that another attorney submitted relevant documents to the Justice Department on behalf of the water board and that the Justice Department ultimately pre-cleared the election scheme.[11]

### Summary

27.     Plaintiff is not entitled to a declaratory judgment because the issues are already pending before the Court or have been adjudicated by the denial of Plaintiff's injunction.  Further, Plaintiff has not included all necessary parties in this action as required by Texas Civil Practice & Remedies Code § 37.006.

28.     Plaintiff does not have standing regarding his allegation of deprivation of property rights due to the alleged refusal of PCFWSD #1 to transfer leases since Plaintiff has not sought to transfer any leases.

29.     Plaintiff has adequate state law remedies for breach of contact if he has a dispute about the terms of his leases with PCFWSD #1.

30.     Plaintiff does not have any evidence that Defendant Larry Fields deprived him of any constitutionally protected property rights under color of state law.

31.     Plaintiff does not have any evidence that Defendant Larry Fields was a "state actor" for the purposes of Plaintiff's 42 U.S.C. § 1983 claims.

---

[9] Exhibit J—Deposition of Larry Fields p. 8 ln. 1—14; p. 9 ln. 13—p. 10 ln. 10.
[10] Exhibit K.
[11] Exhibits D, E, and K.

32.     Plaintiff does not have any evidence that Defendant Larry Fields deprived him of the right to vote under color of state law.

33.     Plaintiff does not have any evidence that Defendant Larry Fields deprived him of any constitutionally protected right under color of state law.

## Prayer

34.     Defendant Larry Fields respectfully request that this Court grant his motion for summary judgment and dismiss all of Plaintiff's claims against him.

          Respectfully submitted,

          WRIGHT & GREENHILL, P.C.
          221 West 6th Street, Suite 1800
          Austin, Texas 78701
          512/476-4600
          512/476-5382 (Fax)

By:_____/s/_____
    Matthew C. Waddell, lead attorney
    State Bar No. 00791861
    e-mail: mwaddell@w-g.com
    ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent, in accordance with the Federal Rules of Civil Procedure, on this 9th day of October, 2006, to the following:

Chris Taylor
AKIN GUMP STRAUSS HAUER & FELD
300 West 6th Street, Suite 2100
Austin, Texas 78701

          _____/s/_____
          Matthew Waddell