IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TOMMY RICE AND<br>J.R. "DICKIE" JACKS, JR.<br><br>v.<br><br>BOARD OF SUPERVISORS OF<br>PANOLA COUNTY FRESHWATER<br>SUPPLY DISTRICT NO. 1,<br>TIMOTHY BOONE, JAMES YOUNG,<br>DOUGLAS BAKER, SHIRLEY REED,<br>DREW NIXON, AND LARRY FIELDS | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:06CV341 |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT LARRY FIELDS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Tommy Rice ("Rice") files this response in opposition to the motion for summary judgment filed by Defendant Larry Fields, respectfully showing the Court as follows.

### INTRODUCTION

Mr. Rice leases the property containing his home from the Panola County Freshwater Supply District No. 1 (the "Water District") in Carthage, Texas. The Board of the Water District cancelled the 2005 elections and determined that only certain of the members of the Board were up for election in 2006, in a calculated scheme to prevent Rice from voting or running for office in either year. In addition, the Board has uniformly refused to allow the transfer of any of the leases like the one that Mr. Rice has had for more than ten years. These actions by the Board have deprived Mr. Rice of the right to vote and to run for office, and diminished the existing value of Mr. Rice's home. Defendant Fields has advised and conspired with the Board such that his actions constitute actions under color of law. For these reasons, and as more fully set forth below, Fields' motion for summary judgment should be denied.

## STATEMENT OF GENUINE ISSUES

1. Whether Fields is entitled to summary judgment despite offering incompetent summary judgment evidence to support his defenses.

2. Whether the state district court's denial of Plaintiff's motion for temporary injunction based on venue and other issues entitles Fields to summary judgment.

3. Whether Rice's claims challenging the authority for the Board's calculated changes to the election scheme state claims within the scope of the Declaratory Judgments Act.

4. Whether Fields is entitled to summary judgment under the Declaratory Judgments Act because a former plaintiff and a former Board member, who no longer claim an interest in the subject matter of this lawsuit, are not parties.

5. Whether Rice, the current holder of a lease from the Water District, has standing to sue for Fields' and the Board's policies and actions relating to all leases.

6. Whether Fields, who charged the Water District thousands of dollars for work related to the lease and election schemes that are the basis of this lawsuit, is a state actor.

## SUMMARY JUDGMENT EVIDENCE

In support of this response, Rice submits the following exhibits that are included in the Appendix and incorporated by reference:

    Exhibit A:    March 23, 2006 letter from the Honorable Stephen Yelenosky;

    Exhibit B:    Larry Fields' Legal Invoices to the Water District;

    Exhibit C:    Affidavit of Tommy Rice;

    Exhibit D:    Affidavit of J.R. "Dickie" Jacks;

    Exhibit E:    True and correct excerpts of the deposition of Tommy Rice;

    Exhibit F:    True and correct excerpts of the deposition of Larry Fields.

## ARGUMENT & AUTHORITIES

A.  **Fields Cannot Meet the Summary Judgment Standard.**

Summary judgment is only appropriate where the pleadings, discovery on file, and affidavits show that there is *no* genuine issue of material fact and Fields is entitled to judgment as a matter of law. *See Celotex Corp. v. Catratt*, 477 U.S. 317, 326 (1986); FED. R. CIV. P. 56(c). Any doubt and all inferences must be resolved against Fields. *See Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1236-37 (10th Cir. 2002). Summary judgment is not appropriate where the movant attempts to hide the fact issues by refusing to discuss all of the material facts raised by its own summary judgment evidence. Summary judgment may only be granted when, despite construing all disputed facts in favor of the respondent, the moving party is still entitled to a judgment as a matter of law. *See* FED. R. CIV. P. 56(c). A party moving for summary judgment on an affirmative defense must show the absence of a genuine issue of material fact and establish each element of its defense as a matter of law. *Crescent Towing & Salvage Co. v. M/V Anax.*, 40 F.3d 741, 744 (5th Cir. 1994). Because Fields cannot meet his heavy burden, his motion for summary judgment should be denied.

B.  **Objections to Fields' Summary Judgment "Evidence" and Failure to Comply With Local Rules.**

Rice objects to the purported evidence submitted by Fields in support of his motion for summary judgment. Rice objects to Exhibits C, D, E and K (letters to or from Defendants or their attorneys) as unauthenticated hearsay. Rice also objects that the letters (Exhibits C, D, E and K) contain hearsay. Further, Rice objects to Exhibit G (lease agreements) as unauthenticated hearsay. Because Fields has not supported his motion with competent summary judgment evidence, it should be denied. *See St. Luke's Episcopal Hosp. v. Great West Life & Annuity Ins. Co.*, 38 F.Supp.2d 497, 509 (S.D. Tex. 1999) (after striking statements in affidavit that were not

3

based on personal knowledge, court denied motion for summary judgment because it was not supported by competent evidence).

In addition, Fields' motion is defective for failing to comply with the Local Rules. Local Rule CV-56(a) requires motions for summary judgment to include a "Statement of Material Facts" in the text of the motion or the appendix thereto. By failing to comply with the requirements of the Local Rules, Fields' motion should be denied for this reason alone. *See Turpeau v. Fidelity Financial Services, Inc.*, 936 F.Supp. 975, 980-81 (N.D. Ga. 1996) (denying motion to extend time for filing motion for class certification for failure to comply with local rules), *aff'd*, 112 F.3d 1173 (11th Cir. 1997); *Zeno v. Cropper*, 650 F.Supp. 138, 139 (S.D. N.Y. 1986); *Jecies v. Matsuda*, 503 F.Supp. 580, 586 (S.D. N.Y. 1980) (failure to comply with local rules alone supports adverse decision).

C.  **Fields is Not Entitled to Summary Judgment on Rice's Declaratory Judgment Claim.**

Fields apparently contends that Rice is not entitled to declaratory relief simply because Rice's request for temporary injunction was denied by the state court judge. However, a ruling on a motion for temporary injunction is not a final adjudication of any claims. *See Elliott v. Lewis*, 792 S.W.2d 853, 854 (Tex. App.—Dallas 1990, no writ) (purpose of temporary injunction is to preserve the status quo pending a final decision on the rights of the parties). Moreover, Judge Yelenosky's letter identifying the reasons that he was denying Rice's request for temporary injunctive relief makes clear that he was not deciding the merits of Rice's claims. *See* Exhibit A. Judge Yelenosky makes it clear that his decision to deny Rice's motion for temporary injunction was not based on the merits of any of Rice's claims, but because of questions he had about venue and timing issues. *Id.*

4

Rice alleges, among other things, that the Water District was without statutory or other authority to cancel the 2005 election, divide itself into single-member precincts, self-assign members to precincts and determine the positions up for election in May 2006. Claims such as these are within the scope of the Declaratory Judgments Act. *See City of Sherman v. Hudman*, 996 S.W.2d 904, 912 (Tex. App.—Dallas 1999, pet. granted, jdm't vacated) (allegation that city lacked statutory authority to hold repeal election fell within scope of Declaratory Judgments Act). Moreover, the cases cited by Fields do not support the arguments in his motion. *See BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 842 (Tex. 1991) (natural gas purchaser's allegations stated claim for affirmative relief under Declaratory Judgments Act); *Musgrave v. Owens*, 67 S.W.3d 513 (Tex. App.—Texarkana 2002, no pet.) (reversing and remanding summary judgment on declaratory judgment claims for trial).

Finally, Fields argues that he is somehow entitled to summary judgment under the Declaratory Judgments Act because a former plaintiff and a former Board member are not parties. This argument fails for several reasons. First, Mr. Jacks no longer claims an interest in this dispute, evidenced by his Stipulation of Dismissal. Defendants obviously agreed, as they also dismissed any claims they had against Mr. Jacks. Further, Ms. Perritte, the only member of the Board to vote against the Water District's election scheme, is no longer a member of the Board. She, therefore, no longer has or claims any interest in this dispute, if she ever did. As master of his lawsuit, Rice may choose the defendants. *See Daca, Inc. v. Commonwealth Land Title Ins. Co.*, 822 S.W.2d 360, 363 (Tex. App.—Houston [1st Dist.] 1992, writ denied) ("The plaintiff is the master of his own lawsuit and names the defendants he wishes to sue."). If Fields believes that this case cannot be fully adjudicated without Ms. Perritte being a party, he is free to

interplead her, but the fact that Plaintiff has not sued her does not diminish the validity of the claims against Fields.

For these reasons, the motion for summary judgment on Rice's declaratory judgment claims should be denied.

### D. Fields is Not Entitled to Summary Judgment on Rice's 42 U.S.C. § 1983 Claim For Impairment of His Property Rights.

In his motion, Fields misstates Rice's claim under Section 1983. Rice alleges that the Board's policy of refusing to agree to transfer any of the leases in their existing form despite the fact that the leases themselves provide that they are transferable diminishes value of his property. The Board's wholesale change to less favorable lease language for lessees diminishes the value of the lease, as well as making it more difficult, if not impossible, for existing land owners to obtain financing. Exhibit E, pp. 17-18, 25-28. The diminished value of Rice's land is current and existing and provides the basis for standing for the claim under § 1983 related to Rice's lease. *See Taliaferro v. Darby Tp. Zoning Bd.*, 458 F.3d 181, 190-91 (3d Cir. 2006) (property owners had standing to sue under § 1983 to the extent that they claimed zoning board's decision would lower their property values).

### E. Fields is Not Entitled to Summary Judgment on Rice's 42 U.S.C. § 1983 Claim For Impairment of His Right to Vote.

As described above and in his Complaint, by taking unauthorized actions to alter the election scheme for the Board, the Defendants, including Fields, have deprived Rice the right to vote in the 2005 and 2006 Board elections and deprived him the opportunity to run for a seat on the Board. *See* Exhibit C; Exhibit D; Exhibit E, pp. 4-6. Fields has represented the Board since the mid-1990's. Exhibit F, pp. 4-6. Fields now claims he did not give any advice or take any action in relation to election matters. Mr. Fields claimed in his brief deposition that he didn't advise the Board about election issues. However, Fields billed Board at least $4,477.33 for his

6

time and expenses on "Election Issue Billing for [sic] relating to single member district." *See* Exhibit B. Fields also provided advice to the Board related to the lease issues. This type of coordination and reliance on improper legal advice rises to the level of state action. *See Howard Gault Co. v. Texas Rural Legal Aid, Inc.*, 848 F.2d 544, 552-53 (5th Cir. 1988) (private parties acted under color of state law for purposes of § 1983 liability where action arose out of deep seated community hostility and was based on advice from attorney general). Because there is a fact issue that he participated in the activities that lead to the denial of Plaintiff's right to vote, Fields' motion for summary judgment should be denied.

F. **Alternatively, Fields' Motion for Summary Judgment Should be Continued or Denied Pending Additional Discovery.**

Alternatively, Rice seeks a continuance of Fields' summary judgment motion to permit additional discovery. The depositions in this case were taken pursuant to an expedited discovery order that limited depositions to two hours each. But, in reality, the depositions were even further limited by circumstances of the discovery preceding the temporary injunction hearing. A total of nine depositions were taken, one after the other, in one day with a single lawyer representing each side. Because of the substantial number of depositions to complete in one day, Mr. Fields' deposition lasted less than thirty minutes. As a result, the scope of inquiry in each of these depositions was extremely limited. The removal of this case and motion to transfer venue have delayed discovery of the merits of Plaintiff's claims.

Accordingly, in the unlikely event that the Court finds merit in any of Fields' summary judgment arguments, Rice seeks a continuance pursuant to Rule 56(f) to conduct additional discovery. At his initial, abbreviated deposition, Mr. Fields disavowed any involvement in the Board's election issues. He also makes this argument in his motion for summary judgment. However, documents obtained since the depositions through open records requests show that

7

Fields billed the Board thousands of dollars working on election issues. At a minimum, Rice should be permitted to depose Fields to discover the level of his involvement in the Board's election decisions that form the basis of this lawsuit. *See International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1268 (5th Cir. 1991) (district court should have allowed corporation to complete discovery before ruling on competitor's motion for summary judgment).

## CONCLUSION

WHEREFORE, Tommy Rice respectfully requests that Defendant Larry Fields' motion for summary judgment be denied, or alternatively, Rice be granted a continuance to conduct additional discovery, and for any other relief to which Tommy Rice may be entitled, at law or in equity.

Respectfully submitted,

_____/s/ Christopher H. Taylor_____
DAVID P. WHITTLESEY, Lead Attorney
State Bar No. 00791920
MICHAEL SIMONS
State Bar No. 24008042
CHRISTOPHER H. TAYLOR
State Bar No. 24013606
AKIN GUMP STRAUSS HAUER & FELD LLP
300 West Sixth Street, Suite 2100
Austin, Texas 78701
(512) 499-6200
(512) 499-6213 FAX
Email:  dwhittlesey@akingump.com
Email:  msimons@akingump.com
Email:  ctaylor@akingump.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of November, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Archie C. Price
Matthew C. Waddell
Wright & Greenhill, P.C.
221 W. 6th Street, Suite 1800
Austin, Texas 78701

        /s/ Christopher H. Taylor