IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TOMMY RICE and <br> J.R. JACKS, JR. <br><br> VS. <br><br> ROGER WILLIAMS, ET AL | § <br> § <br> § <br> § <br> §  CAUSE NO. 6:06cv341 <br> § <br> § <br> § |

**DEFENDANT LARRY FIELDS' REPLY BRIEF AND SUPPLEMENTAL APPENDIX TO HIS MOTION FOR SUMMARY JUDGMENT**

    Now comes Larry Fields, Defendant herein, by and through his attorneys of record, and file this his Reply Brief and Supplemental Appendix to his Motion for Summary Judgment and in support thereof would respectfully show the Court as follows:

Statement of Material Facts

1.    Defense counsel inadvertently omitted a "Statement of Material Facts" when he filed Defendant Fields' Motion for Summary Judgment. Defendant Fields is submitting a Supplemental Appendix that includes a "Statement of Material Facts" with this Reply Brief and respectfully requests that the Court accept the appendix as a supplementation to his Motion for Summary Judgment.

2.    Plaintiff has been granted similar relief from the application of the local rules. Plaintiff's counsel was unaware of the deadline mandated by the local rules for filing Plaintiff's Response.[1] After the deadline had passed, Plaintiff requested and was granted an extension of time to file his Response to Defendant's Motion for Summary Judgment.

---

[1] Exhibit A—Affidavit of Matthew Waddell; Exhibit B—E-mail from Plaintiff's counsel requesting extension of time to respond.

3.      Plaintiff does not cite any Fifth Circuit or Supreme Court precedent that inadvertent failure to comply with local rules should result in a mandatory denial of a motion for summary judgment.

4.      Plaintiff does not argue that Defendant's inadvertent omission of a statement of material facts has in any way prejudiced Plaintiff's ability to respond to Defendant's motion.  The issues in dispute between the parties are reasonably clear and were made so in Defendant Fields' Motion for Summary Judgment.

5.      Defendant respectfully requests that the Court accept the attached appendix containing a "Statement of Material Facts" as a supplementation to his Motion for Summary Judgment and allow Defendant's Summary Judgment Motion to proceed on its merits.

## Summary Judgment Evidence

6.      Defendant Larry Fields submits as evidence in support of his Motion for Summary judgment the following exhibits, which are included and incorporated herein by reference for all purposes:

   Reply Exhibit A—Affidavit of Matthew Waddell.

   Reply Exhibit B—E-mail from Plaintiff's counsel requesting extension of time.

   Reply Exhibit C—Affidavit of Timothy Boone

## Standing

7.      The Third Court of Appeals cited by the Plaintiff, *Taliaferro v. Darby Township Zoning Board*, 458 F.3d 181, 188 (3d Cir 2006), makes clear that in order to have standing, "the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *See United State v. Hays,* 515 U.S. 737, 742-743, 115 S.Ct. 2431 (1995). Plaintiff has not suffered an

injury in fact. Plaintiff's alleged injury is completely hypothetical. Plaintiff has not sold, nor has he attempted to sell any property subject to a lease with PCFWSD # 1 in the last five years.[2] Plaintiff has never been denied financing based upon the terms of a lease agreement with PCFWSD # 1.[3] The terms of the Plaintiff's leases with PCFWSD # 1 have not been changed.[4]

8. Plaintiff's property value claim is based upon conjecture and assumptions about the future actions of a future board. Plaintiff contends that someday in the future he will attempt to sell his property or obtain a loan and he anticipates that the Defendants, including Defendant Fields, will take an action that will diminish his property value.

9. Plaintiff does not have standing for his 42 U.S.C. § 1983 claim for deprivation of property rights because Plaintiff has not suffered a concrete and particularized injury to his property values and his claims are based on conjecture and hypothesis.

## Plaintiff's Burden to Produce Evidence

10. In order to survive summary judgment, the Plaintiff must do more than allege issues of material fact; he must go beyond the pleadings and by affidavits, depositions, answers to interrogatories, and admissions, on file designate specific facts demonstrating that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Auguster v. Vermillion Parrish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001). Plaintiff has not met his burden. Plaintiff was produced no evidence to support his 42 U.S.C. § 1983 claims against Defendant Larry Fields.

## No Evidence of Deprivation of Property Rights

11. As outlined in Defendant's argument on standing, Plaintiff has no evidence that he has suffered an actual injury to his property rights. Plaintiff has not attempted to sell his property. Plaintiff has not attempted to transfer his leases. Plaintiff has not been denied financing.

---

[2] Fields MSJ Exhibit F—Admissions 1 and 2 to Defendants' First Request for Admissions.
[3] Fields MSJ Exhibit F—Admission 3 to Defendants' First Request for Admissions.
[4] Fields MSJ Exhibit H—Admission 3 to Defendants' Third Request for Admissions.

Plaintiff's alleged damages are speculative and Plaintiff has produced no evidence of actual damage to his property rights.

12.     Plaintiff has produced no evidence that Defendant Larry Fields has taken any action that has deprived Plaintiff of a constitutionally protected property right.

13.     Plaintiff's deposition testimony is not evidence that he has suffered a deprivation of a constitutionally protected property right. Plaintiff testified that he believed that the board was going to raise leases to $1,500 a year based on hearsay.[5] Plaintiff's analysis of his own testimony is exactly right—it is hearsay. Defendant objects to Plaintiff's deposition testimony because it is hearsay. Plaintiff claims that people have "talked to him in confidence" about the board allegedly refusing to transfer their leases.[6] Defendant objects to the testimony because it is hearsay.

14.     Even if the Plaintiff's deposition testimony were admissible it is not evidence that Plaintiff has suffered an injury to his property values. When asked how he perceived that actions of the board damaged his property rights, Plaintiff testified that he heard the board was going to raise leases to $1500 a year although it "didn't turn out way".[7] In his deposition, Plaintiff also speculated that it would be difficult for him to obtain finacing because of the actions of the board, however, he offered no actual evidence of this alleged injury.[8]

15.     Plaintiff provides no expert testimony that his property value has gone down because of the actions of Defendant Larry Fields. Plaintiff has not produced appraisals of his property evidencing a decline in value.

---

[5] Plaintiff's Exhibit E—Rice Depo p.18 ln. 6-9.
[6] Plaintiff's Exhibit E—Rice Depo p.27 ln. 12—p.28 ln. 6.
[7] Plaintiff's Exhibit E—Rice Depo p.17 ln. 25—p.28 ln. 18.
[8] Plaintiff's Exhibit E—Rice Depo p.25 ln. 18—p.26 ln.18.

16.     Plaintiff has not demonstrated by affidavits, depositions, answers to interrogatories, or admissions, that there is a genuine issue for trial on his claim that Defendant Larry Fields has violated a constitutionally protected property right of the Plaintiff.

No Evidence of Deprivation of Right to Vote

17.     Plaintiff pleadings regarding 42 U.S.C. § 1983 allege that Defendants deprived him of the right to vote. Plaintiff has not alleged any specific action by Defendant Larry Fields that has deprived him of the right to vote. Further, Plaintiff's pleadings did not allege a 42 U.S.C. § 1983 claim for refusing to allow Plaintiff to run for office.

18.     Plaintiff has produced no evidence that he had a constitutionally protected right to vote and/or to run for office in 2005. The Texas Water Code does not allow PCFWSD #1 to hold elections in odd numbered years. Plaintiff has provided no facts (or law) that would establish that he had a right to vote and/or run for office in 2005.

19.      Plaintiff has produced no evidence that he had a constitutionally protected right to vote and/or to run for office in 2006. Texas Water Code § 49.103 requires that members of the board of a water district serve for four years and allows for the creation of single-member districts. In the fall of 2005 the board members of PCFSD#1 voted to make changes in the election process to bring the PCFSD#1 in compliance with the Texas Water Code and to create single-member districts. The plan adopted by the board called for the elections of place 2,3, and 4 to be held in 2006 and the elections for place 1 and the at-large portion to be held in 2008. The Texas legislature mandated four-year terms for water district board members. A resident of PCFSD#1 can vote for /and or run for a particular seat on the board once every four years. The United States does not have a parliamentary system of government. Plaintiff does not have the right to call elections when he chooses.

20. Plaintiff has no evidence that he has a right to demand an at large election scheme.

21. Plaintiff has produced no evidence that Defendant Larry Fields deprived him of a constitutionally protected right to vote and/or to run for office in 2006. Plaintiff cites billing records to show that Mr. Fields worked on election matters--that is not evidence that Mr. Fields violated the Plaintiff's rights. An examination of the records shows that the bill for $ 4,477.33 represents charges for work done in 2006—the board voted to adopt single member districts in November of 2005. The billing clearly indicates that the bulk of the charges were for gathering information and documents to submit to the Department of Justice and to submit information and documents to attorney Robert Bass (Mr. Bass was retained by the board to provide advice on election matters). Plaintiff has produced no evidence that Mr. Fields caused the board to adopt the election plan Plaintiff claims violates his rights. Plaintiff has produced no evidence that Mr. Fields was engaged in a conspiracy to deprive the Plaintiff of a constitutionally protected right.

22. Plaintiff cites *Howard Gault Co. v. Texas Rural Legal Aid, Inc*. 848 F.2d 544 (5th Cir. 1988) for the proposition that improper legal advice rises to the level of state action. The facts of *Gault* are nothing like the facts of this case. In *Gault* the defendant private attorneys were also criminal district attorneys who were not simply providing legal advice. The attorneys actively coordinated with the local sheriff's department and the Attorney General of Texas to obtain and enforce TRO's in clear violation of the plaintiffs' First Amendment rights.

23. In this case, after his client voted to adopt single-member districts, Mr. Fields gathered information and documents and assisted in their submission to the Department of Justice. After review the Department of Justice had no objection to the PCFWSD #1's election plan. Once again Plaintiff has produced no evidence that Defendant Fields conspired to deprive him of a

constitutionally protected right. Plaintiff's argument if accepted would create strict liability for lawyers who perform work for governmental entities.

## Injunctive Relief

24.     Plaintiff is not entitled to injunctive relief. Plaintiff has no right to demand that elections be held on the schedule of his choosing. Plaintiff has no need of an injunctive remedy. Plaintiff can vote and/or run for office in May 2008. Furthermore, Plaintiff has no need for an injunction against Defendant Fields.

## Declaratory Judgment

25.     Plaintiff argues that he may choose his defendants, however, Tex. Civ. Prac. & Re. Code 37.006 requires that any person with a claim or interest that would be affected must be made a party to the litigation. Former board member Barbara Perritte obviously has a claim or interest if she, as Plaintiff claims, was opposed to the single member district plan. Plaintiff's exhibit D (Affidavit of J.R. "Dickie" Jacks) indicates that three candidates filed for Precinct 1. The other candidate cited by Jacks has a claim or interest in the declaratory judgment. Plaintiff claims it is Defendants obligation to bring these individuals into the litigation. Plaintiff must satisfy the jurisdictional requirements of his claims and it is Plaintiff obligation to bring these individuals into the lawsuit if he wants to pursue a declaratory judgment.

26.     Furthermore, Plaintiff issues are already pending before the Court and he is not entitled to a declaratory judgment.

## Plaintiff's Objections

27.     Defendant attaches Reply Exhibit C (affidavit of Timothy Boone) authenticating Fields MSJ Exhibits C, E, K and G. Fields' MSJ Exhibit G (Plaintiff Rice's Leases) is covered by a hearsay exception because it is an admission by a party opponent. To the extent that Field's MSJ

Exhibits contain hearsay they are not offered for the truth of the matter asserted but rather as evidence that the correspondence between the parties took place.

28.     Defendant request that the Court take Judicial notice that the Department of Justice did not object to PCFWSD #1's election plan. See Fields' MSJ Exhibit C.

Summary

29.     Plaintiff has a burden to produce evidence that there is a genuine issue for trial as to his claims against Larry Fields.

30.     Plaintiff has produced no evidence that Defendant Larry Fields has damaged his property values.

31.     Plaintiff has produced no evidence that Defendant Larry Fields has violated a constitutionally protected property right of the Plaintiff.

32.     Plaintiff has produced no evidence that Defendant Larry Fields deprived him a constitutionally protected right to vote.

33.     Plaintiff has produced no evidence that Defendant Larry Fields deprived him a constitutionally protected right to run for office.

34.     An adequate time for discovery has passed and Plaintiff is not entitled to a continuance. Any delay in this case has been caused by Plaintiff's decision to attempt to maintain venue 270 miles away from where his claims arose.

Prayer

35.     Defendant Larry Fields respectfully request that this Court grant his motion for summary judgment and dismiss all of Plaintiff's claims against him.

        Respectfully submitted,

        WRIGHT & GREENHILL, P.C.
        221 West 6th Street, Suite 1800
        Austin, Texas 78701
        512/476-4600
        512/476-5382 (Fax)


By: _____/s/_____
    Matthew C. Waddell, lead attorney
    State Bar No. 00791861
    e-mail: mwaddell@w-g.com
    ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been sent, in accordance with the Federal Rules of Civil Procedure, on this 8th day of November, 2006, to the following:

Chris Taylor
AKIN GUMP STRAUSS HAUER & FELD
300 West 6th Street, Suite 2100
Austin, Texas 78701

        _____/s/_____
        Matthew Waddell