## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **TOMMY RICE** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **BOARD OF SUPERVISORS OF** | § | **CIVIL ACTION NO. 6:06CV341** |
| **PANOLA COUNTY FRESHWATER** | § | |
| **SUPPLY DISTRICT NO. 1,** | § | |
| **TIMOTHY BOONE, JAMES YOUNG,** | § | |
| **DOUGLAS BAKER, SHIRLEY REED,** | § | |
| **DREW NIXON, AND LARRY FIELDS** | § | |
| | § | |

### PLAINTIFF'S SECOND AMENDED COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

Tommy Rice files this Second Amended Complaint and Request for Injunctive Relief against the Board of Supervisors of Panola County Freshwater Supply District No. 1, Timothy Boone, James Young, Douglas Baker, Shirley Reed, Drew Nixon, and Larry Fields (collectively, the "Water District Defendants"), respectfully showing the Court as follows:

### SUMMARY OF THE CASE

The current members of the Water District board have improperly denied Tommy Rice his right to run for a position on the board in a calculated scheme to entrench themselves in office and permit them to take further actions likely to decrease Plaintiff's property values. The Secretary of State has confirmed that the election status is irreconcilably in conflict with the Election Code and that court intervention is needed. As a result, Plaintiff was left with no option but to file this action seeking a fair and equitable Water District election and a judicial construction of his rights under his lease.

### PARTIES

1.      Tommy Rice is an individual who resides and owns real property in Panola County, Texas.

1

2.     The Board of Supervisors of Panola County Freshwater Supply District No. 1 (the "Water District") has made an appearance in this action and may be served with process through its attorney of record.

3.     Timothy Boone is Chairman of the Board of Supervisors of the Water District, has made an appearance in this action and may be served with process through his attorney of record.

4.     James Young is a Member of the Board of Supervisors of the Water District, has made an appearance in this action and may be served with process through his attorney of record.

5.     Douglas Baker is a Member of the Board of Supervisors of the Water District, has made an appearance in this action and may be served with process through his attorney of record.

6.     Shirley Reed is a Member of the Board of Supervisors of the Water District, has made an appearance in this action and may be served with process through her attorney of record.

7.     Drew Nixon is an accountant and acting election supervisor for the Water District, has made an appearance in this action and may be served with process through his attorney of record.

8.     Larry Fields is an attorney for the Water District, has made an appearance in this action and may be served with process through his attorney of record.

## JURISDICTION & VENUE

9.     Jurisdiction is proper in this Court in accordance with 28 U.S.C. § 1331 because it involves a federal question.

10.     Jurisdiction is proper in this Court because the requested relief is within the jurisdictional parameters for this Court.  This Court has personal jurisdiction over Defendants as residents and/or public officials of the State of Texas.

2

11.     Venue is proper in this Court in accordance with 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## FACTUAL BACKGROUND

Introduction

12.     Plaintiff seeks a fair and equitable election for the Board of Supervisors of Panola County Freshwater Supply District No. 1.  The past several elections for the Water District board have been rife with improprieties and irregularities.  Among other things, the Water District board failed to comply with House Bill 2148 (a special law that governed the Water District's board elections), failed to comply with the Election Code, and has unilaterally reorganized the positions and terms of the current board in an attempt to entrench themselves in office to the exclusion of those who have significant stakes in the operations of the Water District.  Moreover, the Water District Defendants have effectively rejected Plaintiff's application to run for the Water District board in the May election, thereby depriving him of his right to participate in local government and depriving the residents of the district the right to vote for qualified candidates of their choice.  In addition, the actions of the Water District threaten Plaintiff's property rights because the Water District board has unilaterally sought to prevent property sales unless residents agree to terms that cede valuable rights to the Water District.  Plaintiff seeks appropriate remedies necessary to bring the Water District election into compliance with the Texas Election Code and other applicable laws.

Background of Water District and Applicable Laws

13.     The Water District, among other things, owns and operates Lake Murvaul in Carthage, Panola County, Texas and approximately 4,000 acres surrounding the lake. Importantly, the Water District controls the leases of land surrounding Lake Murvaul to the

3

public.  The Water District also administers water supplies drawn from Lake Murvaul.

14.     Until May 1977, the Water District was administered as a general-law fresh water supply district.  On May 12, 1977, the Legislature enacted House Bill 2148, a special law that defined the terms of office, election, and organization of the board of supervisors of the Water District to replace the general laws that were then in effect.  A true and correct copy of House Bill 2148 is attached as Exhibit A and incorporated by reference.  House Bill 2148 required that three supervisors be elected in the elections held in odd-numbered years and that two supervisors be elected at the election held in even-numbered years.

15.     Effective September 1, 1995, the Legislature added Texas Water Code § 49.103 requiring "the members of the board of a district shall serve for four-year terms."  TEX. WATER CODE § 49.103(a).  The Legislature mandated that the four-year term requirement "shall take precedence over all prior statutory enactments."  TEX. WATER CODE § 49.103(e).  However, other provisions of Chapter 49 do not apply to special law districts if they conflict with a provision in any other chapter of the Water Code or any act creating or affecting a special law district.  According to Texas Water Code § 49.103, all of the Water District supervisors should have been up for reelection in 1998.[1]  Three of the supervisors could have been randomly chosen to serve an initial two-year term and the remaining supervisors would have served until 2002.[2]

16.     Despite the 1995 legislation, the Water District held elections for the positions of two supervisors for two year terms during 1998, 2000, 2002 and 2004.  The Water District held elections for the positions of three supervisors for two year terms in 1999, 2001 and 2003.  As a result, the elections for these positions violated the applicable Water and Election Code

---

[1] *See* Ex. B, February 15, 2006 letter from Ann McGeehan, Director of Elections, Office of the Texas Secretary of State.
[2] *See id.*

provisions.[3] But these were not the only election irregularities.

17.     During the 2003 Water District election, the ballot box was improperly moved from a local public high school to Defendant Nixon's private office. The change in polling place was made after advertising that the election would occur at the high school, and the change was made without any action by the board or pre-clearance.

18.     No Water District election was held in 2005. Tommy Rice applied to run for election to the Water District in 2005.[4] At first, the Water District claimed that Mr. Rice was not eligible to run for election because he leased but did not own land in Panola County.[5] After later conceding that Mr. Rice was eligible to run for election in 2005, the Water District cancelled the 2005 election relying on the purported authority of Texas Water Code § 49.103, although it had ignored the statute for the first ten years after it was enacted.[6]

Improper Realignment of Board Positions and Extension of Terms

19.     Since its inception, the board of supervisors has consisted of five supervisors elected on an at-large basis. On or about December 13, 2005, after numerous complaints from residents expressing their displeasure with the board's activities and without providing any rationale, the Water District board approved a scheme to change its board membership from five at-large members to four single-district members and one at-large member. Also on that date, the board assigned the existing supervisors to represent specific districts within the Water District, without regard to the supervisors' actual residences. For example, the Water District board approved the assignment of dissenting supervisor Barbara Perritte to represent Precinct 2, when she resides in Precinct 1, thus precluding her from running for reelection to her position.

---

[3] *See id.*
[4] Ex. C, Rice Aff.
[5] *Id.*
[6] Ex. C, Rice Aff.

20.     The board never specifically defined the boundaries of the four single-member districts, nor did the board identify the legal basis for assigning single-member districts to individuals who did not live in those districts.[7]  Chapter 53 of the Water Code, which applies specifically to fresh water supply districts, belies the Water District's position that it may assign the board positions to specific precincts.  Texas Water Code § 53.063's only requirement for candidacy is that a qualified supervisor candidate must "be a registered voter of the district." The Water District board has now effectively added the requirement that the candidate also live within the single-member district they seek to represent.

21.     The board also purported to readjust the terms of the sitting supervisors. Specifically, the supervisors determined that the at-large and Precinct 1 Water District positions would not be open for election until 2008.

22.     This calculated plan was intended to improperly preclude those candidates who are the most interested and who have the most at stake from running for election to the Water District.  Although the boundaries of Precinct 1 have never been specifically determined, the Water District board now claims that Precinct 1 consists of the portion of Panola County that surrounds Lake Murvaul.  In addition to obtaining water from the Water District, the Panola County residents who live in Precinct 1 lease their property from the Water District.  Precinct 1 residents have the largest vested interest in the operations and decisions of the Water District. Thus, they are the most likely to be motivated to run for election to the Water District.

23.     By their calculated actions, the Water District Defendants have engaged in a scheme designed to preclude the participation of Precinct 1 candidates and prevent a fair and equitable election.  The Water District Defendants accomplished their desired goal.  Because no

---

[7] Ex. B.

6

candidates residing in Precincts 2, 3 or 4 applied to run for any of the open positions, the May 2006 election was cancelled.

Improper Rejection of Applications for Ballot Placement

24.     The law contains minimal requirements to apply for candidacy on the Water District.  Specifically, Texas Water Code § 53.063 requires only that "[t]o be qualified for election as a supervisor, a person must be a registered voter of the district."  Similarly, there are no special requirements for submitting an application to be placed on the ballot.  Texas Election Code § 1.007 clearly provides that "[w]hen this code provides for the delivery, submission, or filing of an application … a delivery, submission, or filing with an employee of the authority at the authority's usual place for conducting official business constitutes filing with the authority."

25.     On or about January 10, 2006, Plaintiff Tommy Rice submitted his application for placement on the ballot for the May 2006 election to Doug Baker, the Water District's secretary.[8] Defendant Baker referred Plaintiff Rice to Defendant Nixon.  While Defendant Nixon accepted the application on that date, he later returned the application to Mr. Rice with a letter dated January 12, 2006 claiming that it was too early to apply for candidacy in the election.[9]

26.     The excuses the Water District Defendants have given for refusing the applications are inconsistent with the unambiguous provisions of Texas law.  The Secretary of State has confirmed that it is never too early to submit an application.[10]   While Plaintiff's application was apparently later accepted, on March 1, 2006, the candidates were informed through an article in the local newspaper that no one would be allowed to run for the Precinct 1 or at-large positions, denying all of the current candidates the right to be on the May 2006 ballot.

---

[8]  See Ex. C, Rice Aff.
[9]  See id.
[10]  See Ex. B.

27.     All of the acts and omissions described above have been performed by or on behalf of the Water District Defendants either in their capacity as supervisors of the Water District or agents and/or representatives of the Water District.  The acts of each of the Water District Defendants were sufficiently intertwined with the state to constitute actions under color of law.

### Plaintiff's Futile Attempts to Remedy the Election Violations

28.     The Texas Secretary of State is the chief elections officer of the State of Texas. In that capacity, the Secretary of State has the duty to obtain and maintain uniformity in the application, operation and interpretation of the Election Code and other election laws.  The Secretary of State also must assist and advise all election authorities with regard to the application, operation and interpretation of the Election Code and other election laws.  As a result, Plaintiff reported the Election Code violations and improprieties of the Water District elections to the Secretary of State.

29.     The Secretary of State agrees that the past and contemplated Water District elections are irreconcilably in violation of the Election Code.  *See* February 15, 2006 letter from Ann McGeehan, Director of Elections, Office of the Texas Secretary of State, attached hereto as Exhibit B.  The Secretary of State agrees that it is now unclear which Water District positions should be up for election in 2006.[11]  The Secretary of State cannot even determine the appropriate length of terms for the various Water District positions.[12]  The Secretary of State proposed that "correction of this problem must be left to" legislation, court order, or both.[13]

---

[11] *See* Ex. B.
[12] *See id.*
[13] *Id.*

30.     The Texas Attorney General, the Texas Rangers, and Panola County's District Attorney have investigated or are investigating the Water District's election violations. However, these other measures will not result in adequate relief or a remedy of the improprieties.

<u>The Water District Defendants' Deprivation of Property Rights</u>

31.     Many of the residents of Panola County who have houses surrounding Lake Murvaul do not own the land on which their houses are built.  Instead, they lease the land from the Water District.  Before 2003, the Water District entered into 99-year and/or perpetual leases that were expressly and easily transferable.  Also before 2003, existing and new leaseholders had the right and option to enter into a 99-year lease agreement with the Water District.

32.     After 2003, the Water District Defendants have systematically refused to agree to lease transfers of the 99-year or perpetual lease forms when homes were sold.  Instead, the Water District has insisted that the homeowners and home purchasers agree to one-year leases that contain provisions much less favorable to the lessees.  This improper practice has made it more difficult to sell homes located on Lake Murvaul, made it more difficult to obtain financing, and threatened the property values of the Panola County residents living on Lake Murvaul.

**CAUSES OF ACTION**

A.
DECLARATORY JUDGMENT

33.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 32.

34.     Plaintiff seeks a declaration under the Texas Declaratory Judgment Act, Texas Civil Practice & Remedies Code. §§ 37.001 *et. seq.* and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* that the actions of the Water District violate the Texas Election and/or Water Codes.  Specifically, Plaintiff seeks a declaration from the Court that (1) Defendants'

refusal to accept the application of Tommy Rice for placement on the ballot for the May 2006 election of the Water District violates the Texas Election and/or Water Codes, (2) the Water District board's self assignment of members to precincts within the Water District violated the Texas Election and/or Water Codes, and (3) Water District board's unilateral determination that only the positions for supervisors representing Precincts 2, 3 and 4 are up for election on May 2006 violated the Texas Election and/or Water Codes.

35.      Plaintiff also seeks a declaration under the Texas Declaratory Judgment Act, Texas Civil Practice & Remedies Code. §§ 37.001 *et. seq.* and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* of his rights under his lease with the Water District.  Specifically, Plaintiff seeks a declaration from the Court that (1) Plaintiff's lease with the Water District is transferable, and (2) Plaintiff has the right to enter into a 99-year lease with the Water District.

36.      Plaintiff also seeks his costs and reasonable and necessary attorneys' fees under Texas Civil Practice & Remedies Code § 37.009.

B.
## FAILURE TO COMPLY WITH ELECTION CODE

37.      Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 36.

38.      As described above, the elections held by the Water District have violated the Water and Election Codes.

C.
## VIOLATIONS OF 42 U.S.C. § 1983

39.      Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 38.

40.      The Defendants have acted under color of law and caused Plaintiff to be subjected to the deprivation of their constitutional rights and privileges.  Among other things, the Water

District Defendants have engaged in a calculated scheme to entrench themselves in office to the exclusion of candidates who would otherwise be eligible to run for election.  The Water District Defendants' systematic plan has deprived Plaintiff of his right to vote and deprived him of valuable property rights.  The Water District Defendants' failure to honor the terms, promises and representations related to Plaintiff's lease has also deprived him of valuable property rights.

41.     Plaintiff seeks all available remedies for the Defendants' violations of 42 U.S.C. § 1983, including but not limited to, damages and/or injunctive relief.

### D.
### BREACH OF CONTRACT

42.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 41.

43.     The Water District agreed, promised, represented and/or warranted to Plaintiff that he had the right to transfer or convert his lease to a 99-year lease agreement with the Water District.   The Water District Defendants have breached, repudiated and/or anticipatorily breached this agreement.  Plaintiff seeks to recover all actual damages caused by the Water District Defendants' breach, including but not limited to the diminution in value of Plaintiff's property, or alternatively, specific performance of this agreement.

44.     Pursuant to Section 38.001 of the Texas Civil Practice & Remedies Code, Plaintiff is also entitled to recover his reasonable and necessary attorneys' fees.

### **CONDITIONS PRECEDENT**

45.     All conditions precedent for the bringing of this lawsuit have been satisfied.

### **APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION**

46.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 45.

47.     Pursuant to Texas Rules of Civil Procedure 680-693, Civil Practice and Remedies Code §§ 65.001, *et seq.*, Texas Election Code § 273.081, and 42 U.S.C. § 1983, Plaintiff requests that this Court grant a temporary restraining order and temporary injunction to prevent immediate, severe, and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.  This application is supported by the affidavit of Tommy Rice, which is attached to this Complaint as Exhibit C, and is incorporated by reference.

48.     Defendants have committed wrongful acts as described above and Plaintiff is likely to prevail on the merits of their claims against Defendants.  Injunctive relief is appropriate because Defendants have improperly deprived Plaintiff of his rights to vote and participate in the political process and property rights, and unless enjoined, will continue to deprive Plaintiff of these rights.

49.     Absent injunctive relief, Plaintiff will suffer imminent and irreparable harm. Without an order enjoining Defendants from rejecting the application of candidates for the Water District and ordering them to hold a special called election, Plaintiff will suffer the infringement of his Constitutional and statutory rights.  Specifically, Plaintiff will be deprived the rights to run for office and vote for the qualified candidate of their choice.  And if the Water District board is allowed to continue its manipulation of the laws, it will continue to deprive Plaintiff of their property rights.

50.     Plaintiff has no adequate remedy at law for the threatened injury.  Plaintiff has sought assistance from the State of Texas.  As a result, the Texas Secretary of State has confirmed that intervention is needed, but did not take any action to remedy the problem.  Absent injunctive relief, Plaintiff will lose the right to run for election and vote for qualified candidates, and the damage of such losses cannot be readily calculated.  Because of the fundamental nature of the infringed rights, injunctive relief is the only true remedy.

51.     Injunctive relief is also appropriate under Texas Election Code § 273.081 and Civil Practice and Remedies Code § 65.011 because Plaintiff is entitled to the relief requested and all or part of the relief requires the restraint of some act prejudicial to Plaintiff.  Further, Plaintiff is entitled to injunctive relief under the principles of equity and the statutes of this state relating to injunctions.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Tommy Rice requests that the Board of Supervisors of Panola County Freshwater Supply District No. 1, Timothy Boone, James Young, Douglas Baker, Shirley Reed, Drew Nixon, and Larry Fields be cited to appear and answer, and that the Court enter a permanent injunction:

1.     Ordering the Board of Supervisors of Panola County Freshwater Supply District No. 1, Timothy Boone, James Young, Douglas Baker, Shirley Reed, Drew Nixon, and Larry Fields to:

a.     Hold a special called election for all five supervisors of the Panola County Freshwater Supply District No. 1 on an at-large basis;

b.     Accept the application of Tommy Rice for placement on the ballot for the special called election for supervisors of the Panola County Freshwater Supply District No. 1 as timely and properly submitted on January 10, 2006;

c.     Accept any other applications for inclusion on the ballot by citizens who live within the district and who file their applications by a date established by the Court;

d.     Hold a special called election for the supervisors of the Panola County Freshwater Supply District No. 1, and any related early balloting, at a public school in Panola County; and

13

e.      Place an advertisement of the filing deadline for candidates as well as the location of the balloting places for the special called election for the supervisors of the Panola County Freshwater Supply District No. 1 in the local newspaper at least one per week beginning immediately and continuing through the election;

Plaintiff also requests that, Defendant's declaratory judgment action be dismissed and that Defendant's take nothing by that action, that, if appropriate, the Court award him damages, reasonable and necessary attorneys' fees, costs of court, and such other and further relief, both at law and in equity, to which Plaintiff may be deemed justly entitled.

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD L.L.P.

_____/s/_____

DAVID P. WHITTLESEY
State Bar No. 00791920
MICHAEL SIMONS
State Bar No. 24008042
CHRISTOPHER H. TAYLOR
State Bar No. 24013606
300 West Sixth Street, Suite 2100
Austin, Texas 78701
(512) 499-6200
(512) 499-6213 FAX

ATTORNEYS FOR PLAINTIFF

14

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew C. Waddell
Wright & Greenhill, P.C.
221 W. 6th Street, Suite 1800
Austin, Texas 78701


_____/s/_____
Christopher H. Taylor