IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TOMMY RICE AND | § | |
| J.R. "DICKIE" JACKS, JR. | § | |
| | § | |
| v. | § | |
| | § | |
| BOARD OF SUPERVISORS OF | § | CIVIL ACTION NO. 6:06CV341 |
| PANOLA COUNTY FRESHWATER | § | |
| SUPPLY DISTRICT NO. 1, | § | |
| TIMOTHY BOONE, JAMES YOUNG, | § | |
| DOUGLAS BAKER, SHIRLEY REED, | § | |
| DREW NIXON, AND LARRY FIELDS | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS TIMOTHY BOONE,
JAMES YOUNG, DOUGLAS BAKER, SHIRLEY REED, LARRY FIELDS
AND DREW NIXON'S MOTION FOR SUMMARY JUDGMENT
AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
ON INJUNCTIVE AND DECLARATORY CLAIMS**

Plaintiff Tommy Rice ("Rice") files this response in opposition to the motion for summary judgment filed by Defendants Timothy Boone, James Young, Douglas Baker, Shirley Reed, Larry Fields and Drew Nixon, respectfully showing the Court as follows.

**INTRODUCTION**

Mr. Rice leases the property containing his home from the Panola County Freshwater Supply District No. 1 (the "Water District") in Carthage, Texas. After first improperly rejecting Mr. Rice's application to run for the 2005 Water District Board election, Defendants cancelled the 2005 Water District Board elections and determined that only certain of the members of the Board were up for election in 2006, carefully excluding certain neighborhoods. The Defendants' calculated scheme was intended to and did prevent Rice from voting or running for office for two consecutive election cycles. In addition, the Board has uniformly refused to allow the transfer of any leases similar to the lease that Mr. Rice has held for more than ten years. These actions by

1

the Board have deprived Mr. Rice of the right to vote and to run for office, and diminished the existing value of Mr. Rice's home.

The Defendants' motion is a typical kitchen-sink response to Plaintiff's claims, in which they indiscriminately assert many unfounded defenses in the hopes that this Court will agree with one of them.  However, Defendants' motion falls far short on all accounts.  First, Defendants are not entitled to immunity because their actions have consistently targeted and singled out Plaintiff and people like him and affected them differently.   Further, Plaintiff has standing to sue as a voter who was deprived of his rights to run for office and vote by the illegal scheme devised by the Defendants.   Additionally, Plaintiff has standing to sue as a lease-holder in Panola County whose property value has been harmed by the targeted actions of the Defendants.   For these reasons and as more fully set out below, Defendants' motion for summary judgment should be denied.

## STATEMENT OF GENUINE ISSUES

1.      Whether Defendants are entitled to summary judgment despite not offering competent summary judgment evidence to support their affirmative defenses.

2.      Whether Defendants are entitled to any immunity or good faith defense for their calculated scheme to cancel elections, divide the Water District into precincts and self-assign precinct positions that was targeted to, and did, adversely infringe Plaintiff's rights.

3.      Whether Rice, the current holder of a lease from the Water District, has standing to sue for Defendants' policies and actions relating to all leases.

4.      Whether the state district court's denial of Plaintiff's motion for temporary injunction based on venue and other non-substantive reasons entitles Defendants to summary judgment.

5.      Whether Plaintiff's claims challenging the authority for the Board's deliberate changes to the election scheme state claims within the scope of the Declaratory Judgments Act.

6.      Whether Defendants are entitled to summary judgment under the Declaratory Judgments Act because a former plaintiff and a former Board member, who no longer claim an interest in the subject matter of this lawsuit and who were not joined by Defendants, are not parties to this lawsuit.

## SUMMARY JUDGMENT EVIDENCE

In support of this response, Rice submits the following exhibits that are included in the Appendix and incorporated by reference:

Exhibit A:      March 23, 2006 letter from the Honorable Stephen Yelenosky;

Exhibit B:      Affidavit of Tommy Rice;

Exhibit C:      Affidavit of J.R. "Dickie" Jacks;

Exhibit D:      True and correct excerpts of the deposition of Tommy Rice;

Exhibit E:      True and correct excerpts of the deposition of Barbara Perritte; and

Exhibit F:      True and correct excerpts from the Hearing on Temporary Injunction.

## ARGUMENT & AUTHORITIES

**A.      Defendants Cannot Meet the Summary Judgment Standard.**

Summary judgment is only appropriate where the pleadings, discovery on file, and affidavits show that there is *no* genuine issue of material fact and Defendants are entitled to judgment as a matter of law.  *See Celotex Corp. v. Catratt*, 477 U.S. 317, 326 (1986); FED. R.

3

CIV. P. 56(c).  Any doubt and all inferences must be resolved against Defendants.  *See Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1236-37 (10th Cir. 2002).  Summary judgment is not appropriate where the movant attempts to hide the fact issues by refusing to discuss all of the material facts raised by its own summary judgment evidence.  Summary judgment may only be granted when, despite construing all disputed facts in favor of the respondent, the moving party is still entitled to a judgment as a matter of law.  *See* FED. R. CIV. P. 56(c).  A party moving for summary judgment on an affirmative defense must show the absence of a genuine issue of material fact and establish each element of its defense as a matter of law.  *Crescent Towing & Salvage Co. v. M/V Anax.*, 40 F.3d 741, 744 (5th Cir. 1994).  Because Defendants cannot meet their heavy burden, and in some instances, have not even tried to do so, their motion for summary judgment should be denied.

**B.     Objections to Defendants' Summary Judgment "Evidence."**

Rice objects to the purported evidence submitted by Defendants in support of their motion for summary judgment.  Rice objects to Exhibits A - C as hearsay and containing hearsay.  While Defendants have attempted to authenticate these exhibits, the documents remain to be and contain inadmissible unsworn, out-of-court statements.  Further, Rice objects to Exhibits D - H as hearsay.  Because none of these purported affidavits declare that the statements that they contain are true or correct, they amount to no evidence.  *See Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994) (an affidavit that does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge is legally insufficient).  Defendants have not supported their motion with competent summary judgment evidence, and it should be denied.  *See St. Luke's Episcopal Hosp. v. Great West Life & Annuity Ins. Co.*, 38 F. Supp. 2d 497, 509 (S.D. Tex. 1999) (after striking statements in affidavit that were not based on personal knowledge, court denied motion for summary

judgment because it was not supported by competent evidence).

C.    **Defendants are Not Entitled to Summary Judgment on any Immunity Defense.**

Consistent with their scatter-shot approach to their motion, Defendants contend that they are entitled to various types of immunity.  Incredibly, Defendants improperly ask this Court to shift the burden of *disproving* the elements of these *affirmative defenses* to Plaintiff.  For this reason alone, Defendants' motion based on alleged immunity should be denied.

Defendants seem to argue that simply because the changes to the election scheme for members of the Water Board were accomplished by a vote by the Board, Defendants are somehow immune from liability.  However, not all actions taken by an official with legislative duties are protected by absolute immunity.  *Bartlett v. Cinemark USA, Inc.*, 908 S.W.2d 229, 234 (Tex. App.—Dallas 1995, no writ).  Indeed, only those duties that are functionally legislative carry with them immunity from suit.  *Id.*  The mere fact that the complained-of action occurred by way of a vote does not cloak it with immunity.  *Id.* at 235.

For example, in *Bartlett*, developers filed an action under 42 U.S.C. § 1983 against the city council members who voted to reject their proposed development plan.  In addition to damages, the developer sought a declaration that the proposed development plan complied in all respects with the zoning ordinance previously adopted by the council.  The city council members moved for summary judgment based on absolute and qualified immunity.  The trial court denied the council members' motion for summary judgment, and the court of appeals affirmed.

The court of appeals concluded that because the facts used in the decision making were specifically related to particular individuals and situations and affected them differently than others, the council members were not entitled to legislative immunity.  908 S.W.2d at 235. Further, the court held that because the council's actions were ministerial, instead of discretionary, the defendants were not entitled to qualified immunity. 908 S.W.2d at 238.

Like the actions of the council members in *Bartlett*, Defendants' actions are not entitled to absolute or qualified immunity.  When Plaintiff applied to run for the Board in 2005, his application was summarily rejected based on an unsupportable pretext. Ex. B, ¶ 3.  Then shortly thereafter, Defendants cancelled the 2005 election for the Water Board, concocted a scheme to divide the Water District into precincts and assigned themselves to specific precincts without regard to where the Board members resided.  *See* Ex. B, ¶ 3; Ex. E, pp. 6-9; Ex. F, pp. 7-10. These unauthorized and improper actions effectively allowed Defendants to prevent any challengers from running for office and protect themselves from contested elections that might have resulted in losing their seats on the Board.  *See* Ex. B, ¶ 7; Ex. E, pp. 11-12.  This series of actions was intended to and did have the effect of prohibiting Plaintiff and those in his precinct from voting or running for the Water Board for the last two election cycles.  Ex. E., pp. 25-28; Ex. F, pp. 7-12.  Because the Defendants' actions were targeted to specifically harm Plaintiff, they are not entitled to legislative immunity.[1]  Further, because the Water Board was without authority to change the election scheme as they did, they are not entitled to qualified immunity.

Even if Defendants could somehow show that they are entitled to immunity for the claims against them in their individual capacity—which they cannot—the immunity defense would not affect the claims against Defendants in their official capacities.  *See Minton v. St. Bernard Parish Sch. Bd.*, 803 F.2d 129, 134 (5th Cir. 1986) (immunity cannot be asserted when individual is sued in his official capacity).

Defendants' claim for immunity under the *Noerr-Pennington* doctrine is equally inappropriate.  The *Noerr-Pennington* doctrine provides antitrust immunity for individuals who petition the government. *United Mine Workers of Am. v. Pennington*, 381 U.S. 657, 670 (1965);

---

[1]  In addition to preventing them from running for the Board, sever current and former Board members personally sued Plaintiff's daughter.  That unfounded lawsuit has since been dismissed.

*E.R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 136 (1961).  The U.S. Supreme Court has indicated that the *Noerr-Pennington* doctrine is not controlling outside antitrust law.  *See City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 382 (1991) ("In the present case, of course, any denial to Omni of 'meaningful access to the appropriate city administrative and legislative fora' was achieved by COA in the course of an attempt to influence government action that, far from being a 'sham', was if anything more in earnest than it should have been.  If the denial was wrongful there may be <u>other remedies</u>, *but as for the Sherman Act, the Noerr exemption applies*.") (emphasis added).

Plaintiff has not asserted any antitrust claim against Defendants.  Defendants' appear to contend that they are entitled to immunity because they were actually petitioning *themselves* for governmental change.  This position is nonsensical and not supported by the caselaw.  In fact, the cases cited by Defendants only apply the *Noerr-Pennington* doctrine to claims either against third parties who were alleged to have conspired with the governmental actors or to claims against government official who attempted to persuade other governmental authorities.  For these reasons, Defendants' claims of immunity fail.

**D.     Defendants are Not Entitled to Summary Judgment on Rice's Declaratory Judgment or Injunctive Claims.**

Defendants apparently contend that Rice is not entitled to declaratory or injunctive relief simply because Rice's request for temporary injunction was denied by the state district court judge.  However, a ruling on a motion for temporary injunction is not a final adjudication of any claims.  *See Elliott v. Lewis*, 792 S.W.2d 853, 854 (Tex. App.—Dallas 1990, no writ) (purpose of temporary injunction is to preserve the status quo pending a final decision on the rights of the parties).  Moreover, Judge Yelenosky's letter identifying his reasons for denying Rice's request for temporary injunctive relief makes clear that he was not deciding the merits of Rice's claims.

7

*See* Ex. A.   Judge Yelenosky states that his decision to deny Rice's motion for temporary injunction was not based on the merits of any of Rice's claims, but because of questions he had about venue and timing issues. *Id.*

Rice alleges, among other things, that the Water District was without statutory or other authority to cancel the 2005 election, divide itself into single-member precincts, self-assign members to precincts and determine the positions up for election in May 2006.  Claims such as these are within the scope of the Declaratory Judgments Act. *See City of Sherman v. Hudman*, 996 S.W.2d 904, 912 (Tex. App.—Dallas 1999, pet. granted, jdm't vacated) (allegation that city lacked statutory authority to hold repeal election fell within scope of Declaratory Judgments Act).  Moreover, the cases cited by Defendants do not support the arguments in their motion. *See BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 842 (Tex. 1991) (natural gas purchaser's allegations stated claim for affirmative relief under Declaratory Judgments Act); *Musgrave v. Owens*, 67 S.W.3d 513 (Tex. App.—Texarkana 2002, no pet.) (reversing and remanding summary judgment on declaratory judgment claims for trial).

Finally, Defendants argue that they are somehow entitled to summary judgment under the Declaratory Judgments Act because a former plaintiff and a former Board member are not parties.  This argument fails for several reasons.  First, Mr. Jacks no longer claims an interest in this dispute, evidenced by his Stipulation of Dismissal.  Defendants obviously agreed, as they also dismissed any claims they had against Mr. Jacks.  Further, Ms. Perritte, the only member of the Board to vote against the Water District's election scheme, is no longer a member of the Board.  She, therefore, no longer has or claims any interest in this dispute, if she ever did.  As master of his lawsuit, Rice may choose the defendants. *See Daca, Inc. v. Commonwealth Land Title Ins. Co.*, 822 S.W.2d 360, 363 (Tex. App.—Houston [1st Dist.] 1992, writ denied) ("The

plaintiff is the master of his own lawsuit and names the defendants he wishes to sue."). If Defendants believed that this case cannot be fully adjudicated without Ms. Perritte being a party, they were free to interplead her, but the fact that Plaintiff has not sued her does not diminish the validity of the claims against Defendants.

For these reasons, the motion for summary judgment on Rice's declaratory judgment claims should be denied.

**E.    Defendants are Not Entitled to Summary Judgment on Rice's 42 U.S.C. § 1983 Claim For Impairment of His Property Rights.**

In his motion, Defendants misstate Rice's claim under Section 1983. Rice alleges that the Board's policy of refusing to agree to transfer any of the leases in their existing form despite representations from the Board that the leases were fully transferable diminishes the value of his property. The Board's wholesale change to less favorable lease language for lessees diminishes the value of the lease, as well as making it more difficult, if not impossible, for existing land owners to obtain financing. Ex. D, pp. 17-18, 25-28. The diminished value of Rice's land is current and existing and provides the basis for standing for the claim under § 1983 related to Rice's lease. *See Taliaferro v. Darby Tp. Zoning Bd.*, 458 F.3d 181, 190-91 (3d Cir. 2006) (property owners had standing to sue under § 1983 to the extent that they claimed zoning board's decision would lower their property values).

**F.    Defendants are Not Entitled to Summary Judgment on Rice's 42 U.S.C. § 1983 Claim For Impairment of His Right to Vote.**

As described above and in Plaintiff's Complaint, by taking unauthorized actions to alter the election scheme for the Board, the Defendants have deprived Rice the right to vote in the 2005 and 2006 Board elections and deprived him the opportunity to run for a seat on the Board. *See* Ex. B; Ex. C; Ex. D, pp. 4-6; Ex. F, pp. 7-9. The deprivation was motivated by a desire to single out Plaintiff and others who voiced opposition to the Board's actions. Ex. F, pp. 10-11.

In fact, Defendants specifically assigned then-current Board member Barbara Perritte to represent precinct 2 even though she resided in precinct 1 to remove dissenters and preclude those who lived around Lake Murvaul from running for election. *See* Ex. E, pp. 11-14, 25-27; Ex. F, pp. 89-92.

Defendants' calculated scheme to quell any dissention from their constituents has extended beyond elections for the Water Board.  For example, Defendants have moved their meetings to a less convenient location, held meetings without giving adequate or legal notice, and prohibited comments from the public during their meetings.  Ex. F, pp. 27-32.  So far, the Defendants' plan to quash their opposition has succeeded.  Indeed, the Board cancelled the 2006 election because of the lack of interest from Panola County residents outside of Plaintiff's neighborhood. *See* Ex. F, pp. 27-28.  To further entrench themselves in power and cement their improper control over the Water District, Defendants have recently appointed Defendant Nixon's wife to a position on the Board.

## CONCLUSION

WHEREFORE, Tommy Rice respectfully requests that Defendants Timothy Boone, James Young, Douglas Baker, Shirley Reed, Larry Fields and Drew Nixon's motion for summary judgment be denied, and for any other relief to which Tommy Rice may be entitled, at law or in equity.

Respectfully submitted,


_____/s/ Christopher H. Taylor_____
DAVID P. WHITTLESEY, Lead Attorney
State Bar No. 00791920
MICHAEL SIMONS
State Bar No. 24008042
CHRISTOPHER H. TAYLOR
State Bar No. 24013606
AKIN GUMP STRAUSS HAUER & FELD LLP
300 West Sixth Street, Suite 2100
Austin, Texas 78701
(512) 499-6200
(512) 499-6213 FAX
Email: dwhittlesey@akingump.com
Email: msimons@akingump.com
Email: ctaylor@akingump.com

ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Archie C. Price
Matthew C. Waddell
Wright & Greenhill, P.C.
221 W. 6th Street, Suite 1800
Austin, Texas 78701


_____/s/ Christopher H. Taylor_____

11