IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TOMMY RICE and | § | |
| J.R. JACKS, JR. | § | |
| | § | |
| | § | |
| VS. | § | CAUSE NO. 6:06cv341 |
| | § | |
| ROGER WILLIAMS, ET AL | § | |
| | § | |

**<u>DEFENDANTS' REPLY BRIEF IN SUPPORT OF TIMOTHY BOONE, JAMES
YOUNG, DOUGLAS BAKER, SHIRLEY REED, LARRY FIELDS AND DREW
NIXON'S MOTION FOR SUMMARY JUDGMENTAND DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ON INCUNCTIVE AND DECLARATORY CLAIMS</u>**

Now come Timothy Boone, James Young, Douglas Baker, Shirley Reed, Larry Fields

Drew Nixon, and the Board of Supervisors of Panola County Freshwater Supply District No. 1,

Defendants herein, by and through their attorneys of record, and file this their Reply Brief in

support of their above referenced Motion for Summary Judgment and would respectfully show

the Court as follows:

<u>Statement of Material Facts</u>

1.      Plaintiff's Response did not refute Defendant's Statement of Material Facts.

2.      For example, Plaintiff did not refute that the Texas Water Code requires that members of

a board of a water district serve four-year terms and that elections for board members must be

held in even-numbered years or that water districts may adopt single-member districts.

3.      Defendants request that the Court accept its uncontroverted Statement of Materials Facts

as being admitted to exist without controversy.  Local Rule CV-56(c).

<u>Plaintiff's Objections</u>

4.     Plaintiff's objects to the Defendants' affidavits because they allegedly do not "declare that the statements that they contain are true and correct."

5.     All of Defendants' affidavits were sworn to and subscribed before a notary.  Each of Defendants' affidavits contains the following language: "…*who being by me duly sworn on oath deposed and said the following*…" A notarized affidavit is a sworn statement and the affiant is swearing that their statements contained in the affidavit are true and correct. There is no requirement in federal law or Texas law that the body of an affidavit must contain the words "true and correct."

6.     An affidavit is "a statement reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath." *Pfeil v. Rogers,* 757 F.2d 850, 859 (7th Cir. 1986)(citing cases).

7.     Plaintiff has objected Defendants' Exhibits D – H as hearsay.  Plaintiff does not identify what portions of these affidavits he contends are hearsay. Clearly it is not hearsay for the individual board members to report when they were elected to the board and to describe their votes for the election plan, etc.

8.     Plaintiff objects to Exhibits A – C as hearsay.  These exhibits are not offered for the truth of the matter asserted.  Defendants are offering these exhibits to demonstrate that the communications and consultations contained in these exhibits took place.  The fact that the letters exist is evidence that Defendants acted in good faith and that Defendants actions were objectively reasonable.

9.      Defendants did not act without guidance. They sought the advice of outside counsel and submitted their election plan to the Department of Justice—all of which is objectively reasonable.

<u>Defendants' Objections</u>

10.     Defendants' object to portion of Plaintiff's Exhibit C that is a letter from Ann McGeehan of the Texas Secretary of State's Office to former Plaintiff J.R. Jacks. The letter is hearsay. In fact it contains several layers of hearsay.  The letter is unreliable because is based on information submitted by Mr. Jacks. It was not the result of an even-handed hearing where the water district was able to submit information to Ann McGeehan.

11.     Should the Court find that the letter is admissible for any reason the Defendants point out that Ms. McGeehan (with only Mr. Jack's information to work with) wrote the following:

> "One possible method of adjustment would be for a legislative act or court order to specify that those individuals who were up for reelection in 2005 should be up for reelection in 2006, while those individuals who were up for reelection in 2006 should be up for election in 2008. The individuals elected in 2004 would therefore serve a 4-year terms (as the law requires) while the individuals elected in 2003 would serve 3-year terms in order to re-stagger the new terms of office for future elections." McGeehan letter p. 8.

This is exactly what the board had already done. The positions of Defendants Young and Boone—who were elected in 2004—were  (and are) scheduled for election in 2008 and the election for the other three positions was scheduled for 2006. Of course, Mr. Jacks withheld the above information from Ms. McGeehan in order to convey the impression that some sinister manipulation of the terms of office had occurred.

12.     Can there be any doubt that the water board's solution to the problem of coming into compliance with Texas Water Code § 49.103 was objectively reasonable since it is exactly the same solution Ms. McGeehan arrived at?

13.     Defendant objects to Exhibit D (the deposition of the Plaintiff) pages 25 through 28 as being hearsay. Defendant objects to any testimony that a person can't get loans on "these leases" as being hearsay. Defendant's object that Plaintiff has no personal knowledge of whether loans are available on any leases other than his own. Plaintiff's opinion testimony that Fannie Mae will not loan money on "these leases" is unreliable.  Plaintiff has no training or education to assert what leased property Fannie Mae of FHA would approve a loan for. Plaintiff has produced no evidence that FHA or Fannie Mae will loan money in the State of Texas on a leased single occupancy home regardless of the terms of the lease. Plaintiff has not established that he has the personal knowledge or expertise to testify about such matters.

14.     Any testimony that other people have told Plaintiff that transfers of their leases have been denied is hearsay.

15.     Defendants object to Plaintiff's Exhibit F (excerpts from the state court temporary injunction hearing) because Plaintiff has failed to comply with FRCP 26(a)(1)(B) and Local Rule CV-26. Plaintiff has not produced a copy of the transcript to Defendants nor notified Defendants of his intent to use the transcript of the hearing. Defendants have not seen a transcript of the hearing prior to receiving Plaintiff's response and have still not seen a complete transcript of the hearing.

16.     Should the Court find that any portion of Exhibit F is admissible, Defendants request that the entire transcript be admitted into the record or that Defendant's be allowed to submit their own excerpts from the transcript to ensure fairness under FRE 106.

<u>Legislative Immunity</u>

17.     Plaintiff argues that the board members are not entitled to legislative immunity because he has been singled out by the board's action. Plaintiff cites a Texas appellate court zoning case

for this proposition. The present case is not a zoning case. The actions of the board that Plaintiff complains of are policy decisions that affect a large number of people and are clearly legislative. The zoning cases to which legislative immunity has been found no to apply dealt with zoning that impacted one or at most a few individuals. In this case the board member's votes to change the election procedures affected every voter in the water district. All voters were placed into precincts. All the voters in precinct one will be able to vote in 2008 not just the Plaintiff. This election change was a policy decision of district wide consequence to which legislative immunity certainly applies.

18.     Plaintiff is on the horns of a dilemma regarding his ever-changing allegations of deprivation of property rights. On the one hand, if the Plaintiff claims the board has singled him out, the facts simply do not support that theory. Plaintiff has not sought to transfer his leases, the board has not refused any request from the Plaintiff to transfer his leases and the Plaintiff was able to obtain a home equity loan in 2006 on his leased property.[1] The Plaintiff has not suffered any individual adverse action on his lease and he has no standing to bring such a claim.

19.     On the other hand, if Plaintiff is claiming that the board has adopted a general policy that applies to all leased property the individual board member are clearly entitled to legislative immunity.  Either the Plaintiff has no standing because he has not suffered and individual and particular injury or the board member are entitled to legislative immunity because they have adopted a broad policy. Either way Plaintiff's claims against the individual board member should be dismissed.

---

[1] Plaintiff was able to obtain a home equity loan in 2006 on his six-month leases not withstanding the fact that he maintains it is impossible to get a loan on anything other than a 99-year lease.

20.     The establishment of a general policy is legislative. *Hughes v. Tarrant County Texas*, 948 F.2d 918, 920-21 (5th Cir.1991) The establishment of a general policy with regards to the elections and the leases is exactly what Plaintiff is complaining about.

Qualified Immunity

21.     Plaintiff argues without citing any precedent that it cannot be his burden to refute the individual defendants' claims of qualified immunity. Nevertheless, Plaintiff does have the burden and Plaintiff has not met his burden. *Estate of Davis ex rel McCully v. City of North Richland Hills,* 406 F.3d 375, 380 (5th Cir. 2005).

22.     Plaintiff has not produced and evidence that could establish that the individual defendants' conduct violated a clearly established constitutional right. *Id*.

23.     Plaintiff has not produced any evidence that the individual Defendants' conduct was objectively unreasonable.  *Siegert v. Gilley*, 500 U.S. 226 (1991).

24.     The board members are not compensated for their service on the board and the policy considerations that extended legislative immunity and official immunity to local government officials clearly apply in this case. This lawsuit against individual local government legislators and officials who have immunity should be terminated so citizens will not be discouraged from serving in local government for fear they will be sued by people who disagree with them.

Good Faith Defense

25.     Plaintiff has provided no evidence of bad faith on the part of the attorney Defendant Fields or the CPA Defendant Nixon.

Noerr-Pennington Doctrine/First Amendment Defense

26.     Plaintiff is correct that Noerr-Pennington applies to anti-trust cases. However, Defendants do have a right under the First Amendment to petition the government. Defendants may have

misnamed their defense but their defense is clearly based on their First Amendment rights.  *See Bayou Fleet, Inc. v. Alexander* 234 F.3d 852, fn. 7(5th Cir. 2005).  Plaintiff has never clearly described how any of the Defendants are supposed to have violated his civil rights and this is especially true of Defendants Fields and Nixon.  These Defendants have a defense under the First Amendment in the event it is Plaintiff's contention that either Fields and/or Nixon somehow persuaded or petitioned the board to take an action that he contends violated his civil rights.

<u>Breach of Contract/Breach of Promise</u>

27.    Plaintiff has produced no evidence of a breach of contract or a breach of promise and this claim should be dismissed.

<u>Injunctive Relief</u>

28.    Plaintiff has produced absolutely no evidence that the imposition of an at-large election scheme will not be retrogressive.

29.    Plaintiff has provided the Court with absolutely no guidance regarding the impact the granting of Plaintiff's injunction would have on minority voters and the request for an injunction should be denied.

<u>Declaratory Judgment</u>

30.    Plaintiff has not joined all necessary parties.

31.    Plaintiff has not shown how a declaratory judgment would address any issues not already covered by his other claims.

32.    Plaintiff has not shown why he needs a declaratory judgment against the individual defendants.

Standing

33.     Plaintiff has not produced any competent summary judgment evidence that he has standing to bring a claim for deprivation of property rights or a claim for breach of contract.

34.     Plaintiff has suffered no actual harm to his property values. The terms of his leases have not been changed or modified. Plaintiff was able to obtain a home equity loan on his leased property in 2006.

Summary

35.     In order to survive summary judgment, the Plaintiff must do more than allege issues of material fact; he must go beyond the pleadings and by affidavits, depositions, answers to interrogatories, and admissions, on file designate specific facts demonstrating that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Auguster v. Vermillion Parrish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

36.     Plaintiff has failed to produce evidence to support a genuine issue for trial against the individual defendants and his claims against the individual defendants should be dismissed.

**Prayer**

37.     Defendants respectfully request that the Court grant their Motion for Summary Judgment and dismiss all claims against the individual Defendants and deny and dismiss Plaintiff's claims for injunctive and declaratory relief as to all Defendants.

Respectfully submitted,

WRIGHT & GREENHILL, P.C.
221 West 6th Street, Suite 1800
Austin, Texas 78701
512/476-4600
512/476-5382 (Fax)


By:_____/s/_____
          Matthew C. Waddell, lead attorney
          State Bar No. 00791861
          e-mail: mwaddell@w-g.com
ATTORNEYS FOR DEFENDANTS


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I filed the foregoing document on this 5th day of April 2007 with the Clerk of Court using the CM/ECF system, which will send notification to the following:


Chris Taylor
AKIN GUMP STRAUSS HAUER & FELD
300 West 6th Street, Suite 2100
Austin, Texas 78701

_____/s/_____
          Matthew Waddell