IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TOMMY RICE and <br> J.R. JACKS, JR. | § <br> § <br> § <br> § | |
| VS. | § | CAUSE NO. 6:06cv341 |
| ROGER WILLIAMS, ET AL | § <br> § <br> § | |

### DEFENDANT BOARD OF SUPERVISORS OF PANOLA COUNTY FRESHWATER SUPPLY DISTRICT NUMBER ONE'S MOTION FOR SUMMARY JUDGMENT

Now comes the Board of Supervisors of Panola County Freshwater Supply District No. 1 Defendant herein, by and through their attorneys of record, and file this their Motion for Summary Judgment and in support thereof would respectfully show the Court as follows:

Procedural History of the Case

1. On March 3, 2006, Plaintiff Tommy Rice, Jr. and former Plaintiff J. R. Jacks, Jr., filed their original petition and application for temporary restraining order and temporary and permanent injunction in the 98th Judicial District Court of Travis County, Texas. Plaintiffs filed suit against the Board of Supervisors of Panola County Freshwater Supply District No. 1 ("PCFWSD #1", the "water district", or the "board"), Timothy Boone, James Young, Douglas Baker and Shirley Reed (all board members of PCFWSD #1) and Drew Nixon (PCFWSD #1's former CPA) and Larry Fields (PCFWSD #1's legal counsel). Plaintiff also filed suit against Roger Williams the Texas Secretary of State.

2. Plaintiff's application for temporary injunction was denied by the state district court on March 24, 2006.

3.     Plaintiffs non-suited Roger Williams, the Texas Secretary of State, on April 4, 2006.

4.     The remaining Defendants removed the case to Federal Court in the Western District of Texas, Austin Division, on April 6, 2006.

5.     Plaintiff J. R. Jacks, Jr., dismissed his claims against the remaining Defendants on June 6, 2006.

6.     Defendants filed a motion to transfer venue from the Western District of Texas to the Eastern District of Texas on June 2, 2006. The Court granted Defendants' motion to transfer venue and transferred the case to the United States District Court for the Eastern District of Texas, Tyler Division, on July 25, 2006.

7.     An adequate time for discovery has passed. The required initial disclosures have been exchanged between the parties. The Plaintiff has deposed Defendants Timothy Boone, James Young, Douglas Baker, Shirley Reed, Drew Nixon and Larry Fields.

8.     Defendant Larry Fields filed his motion for summary judgment on October 9, 2006.

9.     Defendant Fields filed his Reply and Statement of Material Facts on November 11, 2006. The Court has accepted his submission of his Statement of Material Facts (as discussed at Scheduling Conference).

10.    Plaintiff amended his complaint on February 20, 2007.

11.    Defendants Timothy Boone, James Young, Douglas Baker, Shirley Reed, Larry Fields and Drew Nixon filed a motion for summary judgment as to all of Plaintiff Tommy Rice's claims against them on March 13, 2007.

12.    Defendant Board of Supervisors of Panola County Freshwater Supply District No. 1 joined in the March 13, 2006 motion for summary judgment as to Plaintiff's claims for injunctive

and declaratory relief. Defendant Board of Supervisors of PCFWSD No. 1 now files this motion for summary judgment as to all of Plaintiff's remaining claims against it.

Statement of Material Facts

13. Texas Water Code § 49.013 became effective September 1, 1995. The provisions of this section of the Water Code require that members of a board of a water district serve four-year terms and that elections for board members must be held in even-numbered years.

14. Texas Water Code § 49.103 allows water districts to adopt single-member districts.

15. The Texas Water Code does not authorize PCFWSD No. 1 to hold election in odd-numbered years.

16. PCFWSD #1 became aware of the provisions of the Texas Water Code § 49.103 in 2005.

17. When PCFWSD #1 became aware of the provisions of Texas Water Code § 49.103, the 2005 election was cancelled. PCFWSD # 1 had no statutory authority to hold an election in 2005.

18. The PCFWSD #1 Board of Supervisors voted in November of 2005, to make changes in the election process to bring PCFWSD #1 into compliance with the Texas Water Code and to create single-member districts based upon the single-member districts of the Panola County Commissioners Court.

19. The election scheme that Plaintiff complains of was adopted by a vote of the Board of Supervisors of PCFWSD #1.

20. The decisions made by the Board of Supervisors of PCFWSD 1 regarding canceling the 2005 election, the change in method of electing board members from an at-large system to four single-member districts and one at-large position, the use of the Panola County Commissioner's Court boundaries for the single-member districts, and the assignment of board members to the

single-member districts and the one at-large position, were all legislative decisions of the board members taken at meetings of the Board of Supervisors of PCFWSD #1.

21. Each of the four single-member district positions of PCFWSD #1 corresponds to one of the four Panola County Commissioner's Court precincts.

22. A majority of the Board of Supervisors of PCFWSD #1 voted to assign Jim Young to Precinct 1, Barbara Perritte to Precinct 2, Shirley Reed to Precinct 3, Douglas Baker to Precinct 4 and Timothy Boone to the at-large position.

23. The election for Precincts 2, 3 and 4 was scheduled for May 2006 and the election for precinct 1 and the at-large position for election will take place in May of 2008.

24. Defendants James Young and Timothy Boone were elected to the Board of Supervisors of PCFWSD #1 in May of 2004. Their four-year terms expire in May of 2008.

25. Plaintiff will be able to vote and/or run for office in May of 2008.

25. The members of Board of Supervisors of PCFWSD #1 are not compensated for their service on the board.

26. Defendant Larry Fields is not a member of the Board of Supervisors of PCFWSD #1.

27. Defendant Drew Nixon is not a member of the Board of Supervisors of PCFWSD #1.

28. Plaintiff does not have a 99-year lease with the PCFWSD #1.

29. Plaintiff has two six-month leases with PCFWSD #1.

30. PCFWSD #1 has not refused to transfer any lease held by the plaintiff.

31. Plaintiff has not sought to transfer any lease he has with PCFWSD #1.

32. The terms of the Plaintiff's leases have not been changed.

33. Plaintiff has not requested any changes to the terms of his leases.

34. Plaintiff obtained a home equity loan on his property in 2006.

35. Defendant did not promise Plaintiff that he could change his lease from a six-month lease to a 99-year lease.

36. Plaintiff's property value has not gone down.

## Summary of the Dispute

37. This dispute arises from the PCFSD#1's attempt to create an election scheme that would meet the requirements of the provisions of the Texas Water Code § 49.103 which became effective September 1, 1995. Texas Water Code § 49.103 requires that members of the board of a water district serve for four years and that elections for the board of water districts be held on even-numbered years. Unfortunately, PCFWSD #1 did not become aware of the legislation until 2005. When the water district became aware of the legislation it took steps to comply with the requirements of Texas Water Code § 49.103--four-year terms for board members and elections in even-numbered years. In order to comply with the law, the water district cancelled elections scheduled for 2005 since they were not authorized by statute. Prior to the discovery of the change to the Water Code the PCFWSD #1 was holding elections on odd and even-numbered years and was holding elections for its directors every two years rather than four years as required by Texas Water Code § 49.103. The water district took steps to comply as soon as it was made aware of the change in the law.

38. When the law was changed in 1995, former Plaintiff J. R. Jacks, Jr. was a member of the Board of Supervisors of PCFSD#1. He took no action to implement the changes required by the Texas Water Code. None of the individuals sued by Plaintiff Tommy Rice were on the board in 1995.

39. In the fall of 2005 the board members of PCFWSD #1 voted to make changes in the election process to bring the PCFWSD #1 in compliance with the Texas Water Code and to

...

...

...

create single-member districts based upon the single-member districts of the Panola County Commissioner's Court.[1] Single-member district were authorized by Texas Water Code § 49.103.[2] The new election scheme, approved by a vote of the board members, included four single-member districts and one at-large board member. This election procedure was submitted to the Department of Justice for pre-approval and the Department of Justice had no objections to the specified changes.[3]

40. The Board of Supervisors of PCFWSD #1 voted to assign Jim Young to Precinct 1, Barbara Perritte to Precinct 2, Shirley Reed to Precinct 3, Douglas Baker to Precinct 4 and Tim Boone to the at-large position and scheduled the elections for precincts 2, 3 and 4 in May 2006 and the elections for precinct 1 and the at-large position for election in May of 2008.

41. Jim Young (precinct 1) and Timothy Boone (at-large position) were elected to the board in May 2004 and their four-year terms expire in May of 2008.

<u>Summary Judgment Standard</u>

42. Summary judgment may be granted if the moving party demonstrates there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); Fed. R. Civ. P. 56(c). In deciding the Defendants' summary judgment motion, all facts and inferences will be construed in the Plaintiff's favor. The Fifth Circuit, however has made it clear that the "standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." *James v. Sadler,* 909 F.2d 834, 837 (5th Cir. 1990) *(citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). If there is only one reasonable conclusion as to the verdict, then

---

[1] Exhibits A and D.
[2] Exhibits C, D and F.
[3] Exhibits B, D, and E.

there is no issue of fact and the moving party is entitled to summary judgment. *See, Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).

43. Both parties bear burdens of producing evidence in the summary judgment process. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). First; "[t]he moving party must show that, if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof." *Hart,* 127 F.3d 424, 435 (5th Cir. 1997) (*citing Celotex,* 477 U.S. at 327). If the moving party meets its initial burden, then the non-moving party must "set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings." *Id*. However, "[n]either 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the non-movant's burden." *Wallace v. Texas Tech Univ*., 80 F.3d 1042, 1047 (5th Cir. 1996).

44. In order to survive summary judgment, the Plaintiff must do more than allege issues of material fact; he must go beyond the pleadings and by affidavits, depositions, answers to interrogatories, and admissions, on file designate specific facts demonstrating that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Auguster v. Vermillion Parrish School Bd*., 249 F.3d 400, 402 (5th Cir. 2001).

<u>**Summary Judgment Evidence**</u>

45. Defendants submit as evidence in support of their Motion for Summary judgment the following exhibits, which are included in the Appendix and incorporated herein by reference for all purposes:

Exhibit A—1/12/06 Letter from Timothy Boone to the Department of Justice.

Exhibit B—3/27/06 Letter from John Tanner of DOJ to attorney Robert Bass.

Exhibit C—2/3/06 Letter from attorney Robert Bass to Timothy Boone.

Exhibit D— Affidavit of Timothy Boone.

Exhibits E— Affidavit of James Young.

Exhibit F— Texas Water Code 49.103.

Exhibit G— Plaintiff's Responses to Defendants' First Requests for Admissions # 1-5.

Exhibit H— Plaintiff's Responses to Defendants' Second Requests for Admissions # 1-9.

Exhibit I— Plaintiff's Responses to Defendants' Third Requests for Admissions # 1-3.

Exhibit J— Certified Copy of Plaintiff's lease for lot # 99 section 1-N (11/07/94).

Exhibit K— Certified Copy of Plaintiff's lease for lot # 100 section 1-N (11/07/94).

Exhibit L— Consumer Home Equity Loan Deed of Trust executed by Plaintiff on 04/27/06.

Exhibit M— Deposition of Plaintiff Tommy Rice.

Exhibit N— Plaintiff's Property Tax History from 2001 through 2006.

### Standing

46.    Plaintiff does not have standing to bring a claim for depravation of property rights.

47.    In order to have standing, "the Plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *United State v. Hays,* 515 U.S. 737, 742-743, 115 S.Ct. 2431, 2435 (1995). Plaintiff has not suffered an injury in fact. Plaintiff's alleged injury is completely hypothetical. Plaintiff has not sold, nor has he attempted to sell any property subject to a lease with PCFWSD #1 in the last five years.[4] Plaintiff has never been denied financing based upon the terms of a lease agreement with PCFWSD #1.[5] Plaintiff was able to re-finance his property in

---

[4] Exhibit G—Admissions 1 and 2 to Defendants' First Request for Admissions.
[5] Exhibit G—Admission 3 to Defendants' First Request for Admissions.

2006.  The terms of the Plaintiff's leases with PCFWSD # 1 have not been changed.[6]  Plaintiff has not sought a change in the terms of his lease.  Plaintiff has had no other leases with PCFWSD #1.[7]

48.     Plaintiff's complaint is not concrete and particularized.  When ask at his deposition, how his property rights had been damaged, Plaintiff testified that he heard the board was going to raise leases to $1500 a year although it "didn't turn out way".[8]  In his deposition, Plaintiff also speculated that it would be difficult for him to obtain financing because of the actions of the board, however, he offered no actual evidence of this alleged injury.[9]  In fact leases did not go up and the Plaintiff was able to re-finance his property in April of 2006.[10]

49.     Plaintiff has fears and trepidations about what the board will do and when his fears don't come to pass, he invents a new danger.  Now, Plaintiff claims the board made him a promise that he could change his six-month lease (Plaintiff's six-month lease term is an attempt to avoid property taxes[11]) into a 99-year lease.  Plaintiff has not suffered an actual injury. Plaintiff is merely speculating that he will be injured in the future.

<u>Plaintiff's § 1983 Claims</u>

50.     Plaintiff has no evidence of a violation of his constitutional rights.

51.     Plaintiff's allegations of irregularities in the 2003 water board election do not implicate a right of the Plaintiff protected by the Constitution of the United States. *See Kasper v. Board of Election Commissioners of City of Chicago,* 814 F.2d 332, 342 (7th Cir. 1987); *Curry v. Baker,*

---

[6] Exhibit I—Admission 3 to Defendants' Third Request for Admissions.
[7] Exhibit H—Admissions 4, 5 and 6 to Defendants' Second Request for Admissions; and Exhibits J and K.
[8] Exhibit M—Rice Depo p.17 ln. 25—p.18 ln. 18.
[9] Exhibit M—Rice Depo p.25 ln. 18—p.26 ln.18.
[10] Exhibit L
[11] See *Panola County Appraisal Review Board v Pepper*, 936 S.W. 2d 10 (Tex. App.—Texarkana 1996); *Panola County Fresh Water Supply District Number One, v. Panola County Appraisal District*,  2004 WL 1724823 (Tex. App—Texarkana 2004)(Not Reported).

802 F.2d 1302, 1314 (11th Cir. 1986); *Hubbard v. Ammerman*, 465 F.2d 1169, 1176 (5th Cir. 1972).

52. Furthermore, Plaintiff has waived any claim for any alleged election irregularities in 2003. Plaintiff failed to file an election contest. Plaintiff failed to timely file a claim related to the 2003 election. Plaintiff's claim regarding an alleged 2003 election irregularity is barred by the applicable statute of limitations and by latches.

53. The board's canceling of the election scheduled for May of 2005 did not violate Plaintiff's constitutional rights. The board was not authorized to hold an election in 2005. Texas Water Code § 49.103 requires that members of the board of a water district serve for four years and that water district elections are held in even-numbered years.

54. Plaintiff's allegations of unspecified violations of the Texas Election Code and/or election irregularities do not implicate a right of the Plaintiff protected by the Constitution of the United States. Election disputes of this nature are matters of state law for state courts to decide. *See Kasper v. Board of Election Commissioners of City of Chicago,* 814 F.2d 332, 342 (7th Cir. 1987); *Curry v. Baker,* 802 F.2d 1302, 1314 (11th Cir. 1986); *Hubbard v. Ammerman*, 465 F.2d 1169, 1176 (5th Cir. 1972).

55. The initial rejection of Plaintiff's application for placement on the May 2006 ballot was not a violation of the Plaintiff's constitutional rights. Plaintiff submitted his application on January 10, 2006. It was initially rejected as being submitted prematurely. Plaintiff's application was then resubmitted and accepted on February 15, 2006. Plaintiff has suffered no harm from the initial albeit mistaken rejection of his application. *See Kasper v. Board of Election Commissioners of City of Chicago,* 814 F.2d 332, 342 (7th Cir. 1987); *Curry v. Baker,*

802 F.2d 1302, 1314 (11th Cir. 1986); *Thompson v. Woodall*, 819 F.2d 1052 (11th Cir. 1987); *Hubbard v. Ammerman*, 465 F.2d 1169, 1176 (5th Cir. 1972).

56. The Plaintiff does not have a constitutionally protected right to vote and/or to run for an office that is not scheduled for election until 2008. Texas Water Code § 49.103 requires that members of the board of a water district serve for four years and allows for the creation of single-member districts. The board voted to make changes in the election process to bring the PCFSD#1 in compliance with the Texas Water Code and to create single-member districts. The plan adopted by the board called for the elections of place 2,3, and 4 to be held in 2006 and the elections for place 1 and the at-large position to be held in 2008. The Texas legislature mandated four-year terms for water district board members. Plaintiff can vote for place 1 and the at-large position in May of 2008. Likewise, Plaintiff can run for either the place 1 or the at-large position in 2008.

57. Defendants Jim Young (precinct 1) and Timothy Boone (at-large position) were elected to the board in May 2004. It was objectively reasonable for Defendant to hold elections for precinct 1 and the at-large position in May of 2008 when their four-year terms expire.

58. The above-described election changes were submitted to the Department of Justice for preclearance review and the Department had no objection to the proposed changes.

59. A postponement of franchise due to the staggering of terms of office is not a constitutional violation. *Pate v. El Paso County, Texas,* 337 F. Supp. 95 (W.D. Tex. 1970) (*judgment affirmed* 400 U.S. 806 (1970) (redistricting plan that resulted in some voters having to wait four years until they could vote in a county commissioner's court election was not a violation of a constitutional right); *Carr v. Brazoria County, Texas*, 341 F.Supp. 155 (S.D.Tex.

1972) (*judgment affirmed* 468 F.2d 950 (5th Cir. 1972) (postponement of franchise due to the impact of staggered election cycle does not violate a constitutional right).

### Property Rights

60.     Plaintiff has no evidence of a violation of a constitutional right with regard to his claim for a depravation of property rights.

61.     A claim for breach of contract and/or breach of promise against a governmental entity does not rise to the level of a constitutional violation. *Sudeikis v. Chicago Transit Authority*, 774 F.2d 766, 770 (7th Cir. 1985).

62.     Plaintiff has not suffered any actual harm to his property.  Plaintiff has not sold, nor has he attempted to sell any property subject to a lease with PCFWSD #1 in the last five years.[12]  The terms of the Plaintiff's leases with PCFWSD #1 have not been changed.[13]  Plaintiff has never been denied financing based upon the terms of a lease agreement with PCFWSD #1.[14]  In fact, Plaintiff was able to re-finance his property in April of 2006.[15]  The value of Plaintiff's property has actually increased since 2003.[16]

63.     Plaintiff may disagree with the Defendant's actions with regards to the election procedures and policy regarding lease agreements, however, he has no evidence that the Defendant's actions violated his constitutional rights.

### Breach of Contract

64.      Defendant has not breach its lease agreements with the Plaintiff and Plaintiff has no evidence of a breach.

---

[12] Exhibit G—Admissions 1 and 2 to Defendants' First Request for Admissions.
[13] Exhibit I—Admission 3 to Defendants' Third Request for Admissions.
[14] Exhibit G—Admission 3 to Defendants' First Request for Admissions.
[15] Exhibit L
[16] Exhibit N

65.     Defendant has not made a promise to Plaintiff and Plaintiff has no evidence of a breach of promise.

66.     Plaintiff's breach of contract (breach of promise) claim should be dismissed.

## Summary

67.     Plaintiff's claims for depravation of property rights should be dismissed for lack of standing.

68.     Plaintiff has no evidence that his property rights have been violated.

69.     Plaintiff cannot establish the violation of a constitutionally protected right. Even if taken as true, Plaintiff's allegations of election irregularities and a postponement of franchise are not violations of a constitutionally protected right.

70.     Plaintiff's § 1983 claims should be dismissed since Plaintiff has no evidence that his constitutional rights have been violated.

71.     Plaintiff's breach of contract claim should be dismissed because no breach has occurred and Plaintiff has no evidence to support a breach of contract or breach of promise claim.

72.     Plaintiff's election plan is retrogressive and Plaintiff's request for an injunction should be denied and dismissed as to all Defendants.

## Prayer

73.     Defendant respectfully request that the Court grant its Motion for Summary Judgment and dismiss all of Plaintiff's against the Defendant.

Respectfully submitted,

WRIGHT & GREENHILL, P.C.
221 West 6th Street, Suite 1800
Austin, Texas 78701
512/476-4600
512/476-5382 (Fax)


By: _____/s/_____
    Matthew C. Waddell, lead attorney
    State Bar No. 00791861
    e-mail: mwaddell@w-g.com
    ATTORNEYS FOR DEFENDANTS


**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document on this 6th day of April 2007 with the Clerk of Court using the CM/ECF system which will send notification to the following:

Chris Taylor
AKIN GUMP STRAUSS HAUER & FELD
300 West 6th Street, Suite 2100
Austin, Texas 78701

                            _____/s/_____
                            Matthew Waddell