IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

TOMMY RICE and                §
J.R. JACKS, JR.                 §
                                 §
                                 §
VS.                            §       CAUSE NO. 6:06cv341
                                 §
ROGER WILLIAMS, ET AL         §
                                 §

## DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESS ROBERT CLAYTON ALLEN

Now come Timothy Boone, James Young, Douglas Baker, Shirley Reed, Larry Fields, Drew Nixon, and the Board of Supervisors of Panola County Freshwater Supply District No. 1 Defendants herein, by and through their attorneys of record, and file this their Motion to Exclude the Testimony of Plaintiff's Expert Robert Clayton Allen.

Exhibits

1.     Defendants submit as evidence in support of their Motion to Exclude Testimony of Plaintiff's Expert Witness Robert Clayton Allen, the following exhibits, which are incorporated herein by reference for all purposes:

    Exhibit A     Tommy Rice's Designation of Expert Witnesses with report from Robert Clayton Allen.

    Exhibit B     02/20/2007 Letter from Matthew C. Waddell to attorney Chris Taylor.

    Exhibit C     02/23/07 Letter from Mr. Allen.

    Exhibit D     Consumer Home Equity Loan Deed of Trust executed by Plaintiff on 04/27/2006.

Exhibit E        Plaintiff's Property Tax History from 2001 through 2006.

<u>Expert Witness Discovery</u>

2.      Plaintiff deadline to designate experts in this case was February 9, 2007.

3.      Plaintiff requested an extension and Defendant agreed to extent the deadline to February 16, 2007.

4.      Plaintiff submitted the attached report from Robert Clayton Allen on February 16, 2007. See attached, Exhibit A.[1]

5.      On 2/20/07 Defendants requested that Plaintiff supplement his responses to fully comply with Fed. R. Civ. P. 26(a)(2).  See attached, Exhibit B.[2]

6.      On 2/23/07 Plaintiff provided Defendants a letter from Mr. Allen. The letter is attached as Exhibit C.[3]

7.      Mr. Allen states that ethics will not allow him to produce an appraisal report he has done for another party.  However, he does state that he can provide information he used to form his opinions and he will forward related documents.

8.      As of the date of the filing of this motion, Plaintiff has not provided Defendants with the documents Mr. Allen said he would forward to Plaintiff's attorneys.

9.      Mr. Allen also states that his letter is a preliminary response and that he will need more time to flesh his report out.

10.     As of the date of the filing of this motion, Plaintiff has not provided Defendants with any additional information or supplements to Mr. Allen's preliminary response.  Mr. Allen has not fleshed out his report.

---

[1] Exhibit A   Tommy Rice's Designation of Expert Witnesses with report from Robert Clayton Allen.
[2] Exhibit B   02/20/2007 Letter from Matthew C. Waddell to attorney Chris Taylor.
[3] Exhibit C   02/23/07 Letter from Mr. Allen.

11.     Plaintiff's expert should be excluded because Plaintiff has failed to comply with Fed. R. Civ. P. 26(a)(2).  Mr. Allen's report is not a complete statement of all his opinions and the basis and reasons therefore; and Plaintiff has not provided Defendant with the data or other information considered by the witness.

Opinions of Witness are Unreliable

12.     The Court should exclude the testimony of an expert whose testimony is not reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149, (1999); *Daubert v . Merrill Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993).  In order for an expert's testimony to be reliable the following requirements must be met:

1.     The expert testimony must be based on sufficient facts or data,

2.     The expert testimony must be a product of reliable of principles and methods, and

3.     The expert must apply the principles and methods reliably to the facts of the case.

        Fed. R. Evid. 702; *See U.S. v. Charley*, 189 F.3d 1251, 1266 n. 20 (10th Cir. 1999).

13.     Mr. Allen opinions are not reliable because they are not based upon sufficient facts and/or based upon inaccurate data supplied by the Plaintiff.

14.     Mr. Allen in his report is clearly opining about the future impact of a "new" lease.

15.     However, Plaintiff is alleging that the Panola CFWSD # 1 has been requiring this "new lease" since at least 2004.  Paragraph 32 of Plaintiff's Second Amended Complaint states:

> "After 2003 the Water District Defendants have systematically refused to agree to lease transfers of the 99-year or perpetual lease forms when homes were sold. Instead, the Water District has insisted that the homeowners and home purchasers agree to one-year leases that contain provisions much less favorable to the lessees. This improper practice has made it more difficult to obtain financing, and threatened the property values of the Panola County residents living on Lake Murvaul."

16.     Mr. Allen's opinion is based on the false assumption that the "new" leases have not been in use since 2004.

17.     Mr. Allen states that he could find no difference between the value of the leased property the fee simple property. This does not make sense if Mr. Allen is correct in his opinion that the "new leases" will cause prices for leased property to plummet by 75 to 100 percent.  If the harmful "new leases" have been in use since 2004 how can there be no difference in the price of leased and fee simple lots in 2007?

18.     Mr. Allen also makes false assumptions about the leases held by his client and the standard leases.  Mr. Allen does not analyze the 6-month lease that his client has.  He also assumes that the 99-year lease is the standard lease, however the original leases were for one-year terms and leaseholders have been able to obtain financing for years.

19.     Mr. Allen is either unaware that his client was able to obtain a home equity loan in 2006 (see attached Exhibit D[4]) on his six-month leases or he does not explain how his client was able to obtain a loan.  If a 99-year lease is the only way to get a loan, how did the Plaintiff get a loan in 2006 on a six-month lease?

20.     Mr. Allen does not explain how Plaintiff's property values have continued to go up after 2004 when the allegedly devastating "new lease" was mandated.  See attached Exhibit E.[5]

21.     Mr. Allen is not a banker or a finance expert and is not qualified to offer reliably opinions on lender's requirement.

22.     Mr. Allen's opinion are unreliable because he has not used the same procedures he would use in private practice.  If Mr. Allen was hired outside of litigation to provide an opinion on the

---

[4] Exhibit D   Consumer Home Equity Loan Deed f Trust executed by Plaintiff on 04/27/2006.
[5] Exhibit E   Plaintiff's Property Tax History from 2001 through 2006.

value of Plaintiff's property he would have to follow procedures of the Uniform Standards of Professional Appraisal Practice (USPAP).

23.    Mr. Allen has not inspected Plaintiff's property.  He has not obtained comparables (or if he has he has not provided them to Defendants).

### Summary

24.    Mr. Allen's opinions are not reliably because they are not based on accurate data.

25.    Mr. Allen's opinions are not reliable because they are based on false assumptions.

26.    Mr. Allen's opinions are not reliable because he has not used the same procedures he would use outside of litigation.

27.    Mr. Allen does not have the expertise to testify regarding lender's requirements.

28.    Mr. Allen's testimony should be excluded because  Plaintiff has not disclosed the required expert discovery and the opinions of the witness are not reliable.

### Request for Hearing

29.    Defendants requests the their motion to exclude expert witness be set for a hearing so that the Court may rule on the admissibility of this testimony prior to the trial of this case.

### Prayer

30.    Defendants request that the Court grant their motion and exclude the testimony of Plaintiff's expert witness Robert Clay Allen.

Respectfully submitted,

WRIGHT & GREENHILL, P.C.
221 West 6th Street, Suite 1800
Austin, Texas 78701
512/476-4600
512/476-5382 (Fax)


By:_____/s/_____
    Matthew C. Waddell, lead attorney
    State Bar No. 00791861
    e-mail: mwaddell@w-g.com
ATTORNEYS FOR DEFENDANTS


**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I filed the foregoing document on this 6th day of April 2007 with the Clerk of Court using the CM/ECF system which will send notification to the following:


Chris Taylor
AKIN GUMP STRAUSS HAUER & FELD
300 West 6th Street, Suite 2100
Austin, Texas 78701

_____/s/_____
    Matthew Waddell

- 6 -