IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TOMMY RICE AND | § | |
| J.R. "DICKIE" JACKS, JR. | § | |
| | § | |
| v. | § | |
| | § | |
| BOARD OF SUPERVISORS OF | § | CIVIL ACTION NO. 6:06CV341 |
| PANOLA COUNTY FRESHWATER | § | |
| SUPPLY DISTRICT NO. 1, | § | |
| TIMOTHY BOONE, JAMES YOUNG, | § | |
| DOUGLAS BAKER, SHIRLEY REED, | § | |
| DREW NIXON, AND LARRY FIELDS | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT BOARD OF SUPERVISORS OF PANOLA COUNTY FRESHWATER SUPPLY DISTRICT NO. ONE'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Tommy Rice ("Rice") files this response in opposition to the motion for summary judgment filed by Defendant Board of Supervisors of Panola County Freshwater Supply District No. One (the "Board"), respectfully showing the Court as follows.

## INTRODUCTION

Mr. Rice leases the property containing his home from the Panola County Freshwater Supply District No. 1 (the "Water District") in Carthage, Texas. After first improperly rejecting Mr. Rice's application to run for the 2005 Water District Board election, Defendants cancelled the 2005 Water District Board elections and determined that only certain of the members of the Board were up for election in 2006, carefully excluding certain neighborhoods. The Defendants' calculated scheme was intended to and did prevent Rice from voting or running for office for two consecutive election cycles. In addition, the Board has uniformly refused to allow the transfer of any leases similar to the lease that Mr. Rice has held for more than ten years. These actions by

1

the Board have deprived Mr. Rice of the right to vote and to run for office, and diminished the existing value of Mr. Rice's home.

The Board's motion should be denied on all grounds. First, the Board has failed to satisfy their burden by failing to submit proper summary judgment evidence. Further, Plaintiff has standing to sue and has evidence to support his § 1983 claim as a lease-holder in Panola County whose property value has been harmed by the targeted actions of the Board. Moreover, the Board's deliberate violation of the applicable election requirements has violated Plaintiff's constitutional voting rights to support his § 1983 claim. Finally, Plaintiff has raised fact issues as to the representations and breaches thereof to support his contract claims. For these reasons and as more fully set out below, the Board's motion for summary judgment should be denied.

## STATEMENT OF GENUINE ISSUES

1. Whether the Board is entitled to summary judgment despite not offering competent summary judgment evidence to support its motion.

2. Whether Plaintiff, the current holder of a lease from the Water District, has standing to sue and has a claim for the Board's policies and actions relating to all leases that have negatively impacted his property value.

3. Whether the evidence of the Board's deliberate and calculated imposition of an illegal election and appointment scheme support Plaintiff's § 1983 claim.

4. Whether the Board is entitled to summary judgment on Plaintiff's contract claims in the fact of evidence of their breached promises and representations.

5. Whether the Board had any authority to alter the election scheme and self-appoint their improperly created positions.

**SUMMARY JUDGMENT EVIDENCE**

In support of this response, Rice submits the following exhibits that are included in the Appendix and incorporated by reference:

Exhibit A:   March 23, 2006 letter from the Honorable Stephen Yelenosky;

Exhibit B:   Affidavit of Tommy Rice;

Exhibit C:   Affidavit of J.R. "Dickie" Jacks;

Exhibit D:   True and correct excerpts of the deposition of Tommy Rice;

Exhibit E:   True and correct excerpts of the deposition of Barbara Perritte; and

Exhibit F:   True and correct excerpts from the Hearing on Temporary Injunction.

Exhibit G:   True and correct copy of October 30, 1998 letter from Board Chairman

Exhibit H:   True and correct copy of June 26, 2003 letter from Board Chairman

Exhibit I:   Expert report of Clay Allen

Exhibit J:   True and correct copy of House Bill 2148

Exhibit K:   True and correct copy of February 15, 2006 letter from Ann McGeehan, Director of Elections, Office of the Texas Secretary of State

**ARGUMENT & AUTHORITIES**

**A.   Defendants Cannot Meet the Summary Judgment Standard.**

Summary judgment is only appropriate where the pleadings, discovery on file, and affidavits show that there is *no* genuine issue of material fact and Defendants are entitled to judgment as a matter of law. *See Celotex Corp. v. Catratt*, 477 U.S. 317, 326 (1986); FED. R. CIV. P. 56(c). Any doubt and all inferences must be resolved against Defendants. *See Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1236-37 (10th Cir. 2002). Summary judgment is not appropriate where the movant attempts to hide the fact issues by refusing to discuss all of the material facts raised by its own summary judgment evidence. Summary judgment may only be granted when, despite construing all disputed facts in favor of the respondent, the moving party

3

is still entitled to a judgment as a matter of law. *See* FED. R. CIV. P. 56(c). A party moving for summary judgment on an affirmative defense must show the absence of a genuine issue of material fact and establish each element of its defense as a matter of law. *Crescent Towing & Salvage Co. v. M/V Anax.*, 40 F.3d 741, 744 (5th Cir. 1994). Because Defendants cannot meet their heavy burden, and in some instances, have not even tried to do so, their motion for summary judgment should be denied.

**B.     Objections to Defendants' Summary Judgment "Evidence."**

Rice objects to the purported evidence submitted by Defendants in support of their motion for summary judgment. Rice objects to Exhibits A - C as hearsay and containing hearsay. While Defendants have attempted to authenticate these exhibits, the documents remain to be and contain inadmissible unsworn, out-of-court statements. Further, Rice objects to Exhibits D and E as hearsay. Because none of these purported affidavits declare that the statements that they contain are true or correct, they amount to no evidence. *See Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994) (an affidavit that does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true and within the affiant's personal knowledge is legally insufficient); *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985) ("an affidavit is a statement reduced to writing *and <u>the truth of which</u> is sworn to* before someone who is authorized to administer an oath.") (emphasis added); *see also, e.g.,* 28 U.S.C. § 1746 (valid declarations must state that statements are "true and correct" under penalty of perjury). Defendants have not supported their motion with competent summary judgment evidence, and it should be denied. *See St. Luke's Episcopal Hosp. v. Great West Life & Annuity Ins. Co.*, 38 F. Supp. 2d 497, 509 (S.D. Tex. 1999) (after striking statements in affidavit that were not based on personal knowledge, court denied motion for summary judgment because it was not supported by competent evidence).

**C.     Plaintiff Has Standing to Sue for Impairment of His Property Rights.**

Because Plaintiff has standing to sue for diminution in the value of his property under Section 1983, the Board is not entitled to summary judgment. The Board's systematic refusal to allow current leaseholders to obtain a 99-year lease despite prior promises and representations and refusal to agree to the transfer any of the leases in their existing form despite the fact that the leases themselves provide that they are transferable diminishes the value of his property.

Until the wrongful actions of the Defendants, existing lessees, including Plaintiff, had the right to enter into 99-year leases with the Water District. *See* Ex. G. Moreover, until the improper actions of the Defendants, the leases were freely transferable as long as the existing lessee was in good standing. *See* Ex. H. By systematically refusing to allow 99-year leases and refusing to allow the transfer of existing leases, Defendants have diminished the value of Plaintiff's existing lease. *See* Ex. I.

The Board's wholesale change to less favorable lease language for lessees diminishes the value of the lease, as well as making it more difficult, if not impossible, for existing land owners to obtain financing. Rice Dep., pp. 17-18, 25-28. The diminished value of Rice's land is current and existing and provides the basis for standing for the claim under § 1983 related to Rice's lease. *See Taliaferro v. Darby Tp. Zoning Bd.*, 458 F.3d 181, 190-91 (3d Cir. 2006) (property owners had standing to sue under § 1983 to the extent that they claimed zoning board's decision would lower their property values); *Society Hill Towers Owners' Assoc. v. Rendell*, 210 F.3d 168, 176 (3d Cir. 2000) (residents who claimed that a proposed building project would increase traffic, pollution, and noise in the area of their neighborhood had standing to sue the city mayor and federal housing department).

**D.     Defendants are Not Entitled to Summary Judgment on Rice's 42 U.S.C. § 1983 Claim For Impairment of His Right to Vote.**

As described above and in Plaintiff's Complaint, by taking unauthorized actions to alter the election scheme for the Board, the Defendants have acted without authority and deprived Rice the right to vote in the 2005 and 2006 Board elections and deprived him the opportunity to run for a seat on the Board. *See* Ex. B; Ex. C; Ex. D, pp. 4-6; Ex. F, pp. 7-9.

Until May 1977, the Water District was administered as a general-law fresh water supply district. On May 12, 1977, the Legislature enacted House Bill 2148, a special law that defined the terms of office, election, and organization of the board of supervisors of the Water District to replace the general laws that were then in effect. Ex. J. House Bill 2148 required that three supervisors be elected in the elections held in odd-numbered years and that two supervisors be elected at the election held in even-numbered years. Importantly, House Bill 2148 clearly states that "except as specifically provided in this Act, the provisions of Chapter 53, Water Code, as amended, apply to elections of supervisors in the Panola County Fresh Water Supply District No. 1." *Id.* (emphasis added). Notably, House Bill 2148 does not provide that Chapter 49 of the Water Code applies to elections for the Water District Board.

Defendants justified their sweeping changes to the election scheme by relying solely on the authority of Chapter 49. However, Texas Water Code § 49.002, setting out Chapter 49's applicability, makes clear that the prior, more specific, enactment controls. *See* TEX. WATER CODE § 49.002(a) ("this chapter applies to all general and special law districts to the extent that the provisions of this chapter do not directly conflict with a provision in any other chapter of this code or any Act creating or affecting a special law district. In the event of such conflict, the specific provisions in such other chapter or Act shall control.") Because House Bill 2148, which specifically affects the Water District elections, provides that only it and Chapter 53 govern the

6

elections, Defendants were without authority to rely on Chapter 49 to support their illegal election scheme.

Specifically, Defendants claim that Texas Water Code § 49.103, effective September 1, 1995, allowed them to cancel the 2005 election. But even if Texas Water Code § 49.103 did apply—which Plaintiff disputes—all of the Water District supervisors should have been up for reelection in 1996. The Texas Secretary of State agrees that the elections of the Board have violated the law since 1997. *See* Ex. K, pp. 7-9.

Similarly, the Board's decision to change its membership from five at-large members to four single-district members and one at-large member and self-assigned the existing supervisors to represent specific districts within the Water District, without regard to the supervisors' actual residences violated their authority. Chapter 53 of the Water Code, which applies specifically to fresh water supply districts, does not grant the Water District authority to divide into single-member precincts and assign the board positions to specific precincts. Indeed, Chapter 53's only requirement for candidacy is that a qualified supervisor candidate must "be a registered voter of the district." TEX. WATER CODE § 53.063. The Water District Board has improperly attempted to add the requirement that the candidate also live within the single-member district they seek to represent.

Further, even if they did apply, the Board failed to even attempt to comply with the requirements of § 49.103. Section 49.103 only permits a board to extend the terms of office of the supervisors to the next even-year election date. TEX. WATER CODE § 49.103(g). In addition, § 49.103 only allows a district to achieve staggered terms by drawing lots. *Id*. The Board did neither.

Finally, if the provisions of § 49.103 apply to the Water District, the Board only had authority to divide the district into single-member precincts in a manner that is equitable for the electors within those districts and within the district generally. TEX. WATER CODE § 49.103(d). There is absolutely no statutory authority for the Board to assign themselves to represent specific precincts.

The Board's deprivation of Plaintiff's rights to vote and run for office was motivated by a desire to single out Plaintiff and others who voiced opposition to the Board's actions. Ex. F, pp. 10-11. In fact, Defendants specifically assigned then-current Board member Barbara Perritte to represent precinct 2 even though she resided in precinct 1 to remove dissenters and preclude those who lived around Lake Murvaul from running for election. *See* Ex. E, pp. 11-14, 25-27; Ex. F, pp. 89-92.

Fundamental unfairness that permeates the election process raises a claim under § 1983, even if it derives from purportedly neutral action. *See Duncan v. Poythress*, 515 F. Supp. 327 (N.D. Ga. 1981), *aff'd*, 657 F.2d 691 (5th Cir. 1981) (Governor's and an appointed justice's manipulation of justice's resignation to avoid a special election in violation of state law deprived plaintiffs of their right to vote in violation of due process). Here, the Defendants' calculated scheme raises, at minimum, a fact issue on Plaintiff's claim under 28 U.S.C. § 1983. *See U.S. v. Mosley*, 238 U.S. 383, 386 (1915) (government may not deprive citizens of their vote based on where they live); *Reynolds v. Sims*, 377 U.S. 533, 555 (1964) (state violated citizens' constitutional rights by apportioning districts to minimize the electoral strength of a class of voters).

Defendants' calculated scheme to quell any dissention from their constituents has extended beyond elections for the Water Board. For example, Defendants have moved their

meetings to a less convenient location, held meetings without giving adequate or legal notice, and prohibited comments from the public during their meetings. Ex. F, pp. 27-32. So far, the Defendants' plan to quash their opposition has succeeded. Indeed, the Board cancelled the 2006 election because of the lack of interest from Panola County residents outside of Plaintiff's neighborhood. *See* Ex. F, pp. 27-28. To further entrench themselves in power and cement their improper control over the Water District, Defendants have recently appointed Defendant Nixon's wife to a position on the Board.

For these reasons, the Board's motion for summary judgment should be denied.

**E.     Defendants are Not Entitled to Summary Judgment on Rice's 42 U.S.C. § 1983 Claim For Impairment of His Property Rights.**

The summary judgment evidence shows that the Board has systematically refused to agree to transfer any of the current leases in their existing form despite representations from the Board that the leases were fully transferable diminishing the value of Plaintiff's property.

Until the wrongful actions of the Defendants, existing lessees, including Plaintiff, had the right to enter into 99-year leases with the Water District. *See* Ex. G. Moreover, until the improper actions of the Defendants, the leases were freely transferable as long as the existing lessee was in good standing. *See* Ex. H. By systematically refusing to allow 99-year leases and refusing to allow the transfer of existing leases, Defendants have diminished the value of Plaintiff's existing lease. *See* Ex. I. Indeed, the Board's wholesale change to less favorable lease language for lessees diminishes the value of the lease, as well as making it more difficult, if not impossible, for existing land owners to obtain financing. Ex. D, pp. 17-18, 25-28.

The diminished value of Rice's land is current and existing and supports a claim under § 1983. *See Taliaferro v. Darby Tp. Zoning Bd.*, 458 F.3d 181, 190-91 (3d Cir. 2006) (property owners had claim under § 1983 to the extent that they claimed zoning board's decision would

lower their property values). As a result, the Board's motion for summary judgment should be denied.

### F. Defendants are Not Entitled to Summary Judgment on Rice's Breach of Contract Claim.

The Board motion for summary judgment on Plaintiff's contract claim is based solely on the allegation that there is no evidence of a promise to Plaintiff or any breach of such a promise. However, as described more fully above, the Board made the promise and representation that Plaintiff had the right to enter into a 99-year lease with the Water District. *See* Ex. G. Further, the Board also promised and represented that the Plaintiff's existing leases were freely transferable. *See* Ex. H. By systematically refusing to allow 99-year leases and refusing to allow the transfer of existing leases, the Board has breached their promises and representations. *See* Ex. D, p. 25-28. These facts, at a minimum, raise material issues of fact in support of Plaintiff's contract claims and the Board's motion for summary judgment should be denied. *See Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995) (series of letters constituted binding settlement agreement); *Central Power and Light Co. v. Del Mar Conservation Dist.*, 594 S.W.2d 782, 790 (Tex. Civ. App.—San Antonio 1980, writ ref'd n.r.e.) (letters between parties' constituted valid electrical service agreement); *Fowler v. Resolution Trust Corp.*, 855 S.W.2d 31, 36-37 (Tex. App.—El Paso 1993, no writ) (evidence of letter requesting that tenant vacate the premises and the return of the tenant's rental checks were sufficient to show repudiation).

### CONCLUSION

WHEREFORE, Tommy Rice respectfully requests that Defendant Board of Supervisors of Panola County Freshwater Supply District No. One's motion for summary judgment be denied, and for any other relief to which Tommy Rice may be entitled, at law or in equity.

        Respectfully submitted,

        _____/s/ Christopher H. Taylor_____
        DAVID P. WHITTLESEY, Lead Attorney
        State Bar No. 00791920
        MICHAEL SIMONS
        State Bar No. 24008042
        CHRISTOPHER H. TAYLOR
        State Bar No. 24013606
        AKIN GUMP STRAUSS HAUER & FELD LLP
        300 West Sixth Street, Suite 2100
        Austin, Texas 78701
        (512) 499-6200
        (512) 499-6213 FAX
        Email:  dwhittlesey@akingump.com
        Email:  msimons@akingump.com
        Email:  ctaylor@akingump.com

        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Matthew C. Waddell
Wright & Greenhill, P.C.
221 W. 6th Street, Suite 1800
Austin, Texas 78701

        _____/s/ Christopher H. Taylor_____