IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TOMMY RICE and<br>J.R. JACKS, JR.<br><br>VS.<br><br>ROGER WILLIAMS, ET AL | §<br>§<br>§<br>§<br>§   CAUSE NO. 6:06cv341<br>§<br>§<br>§ |

### DEFENDANTS' TRIAL BRIEF REGARDING TEXAS WATER CODE § 49.103

     Now comes the Board of Supervisors of Panola County Freshwater Supply District No. 1, Timothy Boone, James Young, Douglas Baker, Shirley Reed, Drew Nixon, and Larry Fields Defendants herein, by and through their attorneys of record, and file this their Trial Brief regarding Texas Water Code § 49.103 and would respectfully show the Court as follows:

1.    A dispute has arisen between the parties as to the application of Texas Water Code § 49.103 to the Panola County Freshwater Supply District No. 1.

2.    Chapter 49 was added to the Texas Water Code when S.B. 626 was passed by the Texas Legislature in 1995. The purpose of Chapter 49 was to create uniform rules and procedures for the various special law and general law water districts in the state.[1]

3.    The text of Texas Water Code § 49.103 as adopted in 1995 read:

    "Sec. 49.103. TERMS OF OFFICE OF DIRECTORS.

    (a) Except as provided by Section 49.102, the members of the board of a district shall serve for four-year terms.

---

[1] The types of water districts covered by Chapter 49 include Water Control and Improvement Districts, Underground Water Conservation Districts, Fresh Water Supply Districts, Municipal Utility Districts, Water Improvement Districts, Drainage Districts, Levee Improvement Districts, Irrigation Districts, and Stormwater Control Districts; *See also* Defendants' Exhibits C, D, E.

(b) An election shall be held on the uniform election date, established by the Election Code, in either January or May of each even-numbered year to elect the appropriate number of directors.

(c) The permanent directors may assign a position number to each director's office, in which case directors shall thereafter be elected by position and not at large.

(d) A district may provide for the election of all directors, or a majority of directors, from single-member districts, which shall be geographically described within the boundaries of the district in a manner that is equitable for the electors within such districts and within the district generally.

(e) Section 49.002 notwithstanding, in all areas of conflict the provisions of Subsection (b) shall take precedence over all prior statutory enactments.

(f) This section does not apply to any special law district or authority that is not required by the law creating the district or authority to elect its directors by the public."[2]

4.  During the next session the Texas Legislature passed S.B. 1865, amending Chapter 49 including Section 49.103. The 1997 amendments to Section 49.103 were as follows:

"(e) Section 49.002 notwithstanding, in all areas of conflict the provisions of *Subsections (a) and* (b) shall take precedence over all prior statutory enactments.

(f) This section does not apply to:

*(1)* any special law district or authority that is not required by the law creating the district or authority to elect its directors by the public; *or*

*(2) a special utility district operating under Chapter 65.*

*(g) A district may, if required under this section to change the terms of office of directors to four-year terms or to change the date on which the district holds a director election, extend the terms of office of directors serving the district on the effective date of H.B. No. 2236, Acts of the 75th Legislature, Regular Session, 1997, to continue the terms until the next appropriate election date in an even-numbered year. A district that is required under this section to change the terms of office of directors to staggered terms may require directors of the district to draw lots to achieve staggered terms.*"[3] (additions in italics).

---

[2] 1995 Tex. Sess. Law Serv. Ch. 715 (S.B. 626) (VERNON'S), Defendant's Exhibit A.
[3] 1997 Tex. Sess. Law Serv. Ch. 1070 (S.B. 1865) (VERNON'S), Defendant's Exhibit B.

5.      After the 1997 amendments to the Water Code, the Panola County Freshwater Supply District No. 1 (PCFWSD No.1) should have held elections in only even numbered years and its board members should have served four-year terms. In fact, Plaintiff has taken the Defendants to task for failing to immediately comply with Texas Water Code § 49.103. Paragraph 16 of Plaintiff's Second Amended Complaint asserts the following: "Despite the 1995 legislation [Texas Water Code § 49.103], the Water District held elections for two year terms during 1998, 2000, 2002, and 2004. The Water District held election for three supervisors for two year terms in 1999, 2001, and 2003. As a result, the elections for these positions violated the applicable Water and Election Code provisions." Plaintiff's Second Amended Complaint p. 4-5.

6.      Now in his response to the Water District's motion for summary judgment Plaintiff has argued that Texas Water Code§ 49.103 does not apply to the PCFWSD No.1 at all.

7.      Plaintiff now argues that **only** House Bill 2148 and Chapter 53 of the Texas Water Code apply to elections for the PCFWSD No. 1.

8.      The PCFWSD No.1 was created by an election of the citizens of Panola County in 1953 and it was therefore a general law district. It was not created by an act of the legislature and therefore it was not a special law district.

9.      In 1977, the Texas Legislature passed H.B. 2148, which called for two-year terms and annual elections on the first Saturday in April for supervisors of the PCFWSD No.1.

10.     Plaintiff contends that H.B. 2148 transformed the PCFWSD No.1 from a general law district to a special law district. Normally a special law district is made a special law district at the time of its creation by the Legislature. *See* Defendant's Exhibit D[4]. Defendants do not accept Plaintiff argument that H.B. 2148 necessarily made the PCFWSD No.1 a special law district,

---

[4] "Special law districts are created by an act of the Legislature." Bill analysis for C.S.H.B. 1104 p. 1

however, even if the PCFWSD No.1 is now a special law district, Texas Water Code § 49.103 still applies to the PCFWSD No. 1.

11. Texas Water Code § 49.002(a) states: "This chapter applies to all general and special law districts to the extent that the provisions of this chapter to not directly conflict with a provision in any other chapter of this code or any Act creating or affecting a special law district."

12. Plaintiff argues that H.B. 2148 and Texas Water Code § 49.002(a) mean that Chapter 49 of the Water Code does not apply to the PCFWSD No.1.

13. However, several provisions of § 49.103 expressly override § 49.002(a).

14. Texas Water Code § 49.103(e) specifically states: "Section 49.002 notwithstanding, in all area of conflict the provisions of Subsections (a)[four-year terms] and (b)[even-number year elections] shall take precedence over all prior statutory enactments."

15. The PCFWSD No. 1 must have four-year terms and hold elections only in even-numbered years for its directors. The Defendants had no authority to hold an election in 2005 and Plaintiff has no cause of action against the Defendants for canceling the 2005 election.

Single-Member Districts

16. Texas Water Code § 49.103 allows the PCFWSD No. 1 to adopt single-member districts. The relevant paragraphs of § 49.103 are:

> "(c) The permanent directors may assign a position number to each director's office, in which case directors shall thereafter be elected by position and not at large.
>
> (d) A district may provide for the election of all directors, or a majority of directors, from single-member districts, which shall be geographically described within the boundaries of the district in a manner that is equitable for the electors within such districts and within the district generally."

17. No provision of Texas Water Code § 49.103(c) or (d) directly conflicts with any provision of H.B. 2148. In other words, H.B. 2148 does not prohibit either the assigning of

4

positions to directors or the adoption of single-member districts.

18. Clearly, the PCFWSD No. 1 had the authority under the Texas Water Code to adopt single-member districts.

19. Plaintiff has made other complaints regarding the manner in which single-member districts were adopted.

20. Plaintiff has argued that the PCFWSD No. 1 could not assign board members to positions.

21. Texas Water Code § 49.103(c) states: "The permanent directors may assign a position number to each director's office, in which case directors shall thereafter be elected by position and not at large."

22. Plaintiff has argued that the assignment of directors to positions must be equitable. However, the actual requirement is that the geographic boundaries of the single-member districts must be equitable. Texas Water Code § 49.103(d).

23. The PCFWSD No. 1 adopted the precinct boundaries of the Panola County Commissioners Court and the Department of Justice had no objection to the boundaries of the single-member districts.

24. Plaintiff has also argued that the PCFWSD No. 1 could not assign Barbara Perritte to precinct 2 because she did not live in precinct 2. Plaintiff does not have standing to make a claim for Barbara Perritte.

25. Plaintiff then argues that a candidate need only live in the district and not in the precinct of a particular single-member district. If Plaintiff is correct in this argument, then Barbara Perritte was not affected by being assigned to precinct 2.

26.     Either way Plaintiff has not been harmed. Plaintiff did not file an election contest. Plaintiff did not file an application to run for place 2, 3 or 4. He instead chose to seek an injunction to reverse the adoption of single-member districts.

### Staggering of Terms

27.     Plaintiff argues that the only way that the PCFWSD No. 1 could achieve staggered terms was to draw lots.

28.     Plaintiff has not demonstrated how he was harmed by the PCFWSD No. 1's decision not to draw lots. Plaintiff did not hold office so he had no interest in a particular term of office. If board members had draw lots there is no way to know if the random results might have been just the same as the assignment.

29.     Texas Water Code § 49.103(g) states that a district "**may** require directors of the district to draw lots to achieve staggered term" (emphasis added). There is no absolute requirement that the Board draw lots to achieved staggered terms.

30.     Given the fact that directors may assign positions and fill vacancies on the board there is no reason they could not assign positions to achieve four-year staggered terms.

31.     Furthermore the way that the directors assigned the terms is exactly what was suggested by Ann McGeehan of the Texas Secretary of State's Office:

> "One possible method of adjustment would be for a legislative act or court order to specify that those individuals who were up for reelection in 2005 should be up for reelection in 2006, while those individuals who were up for reelection in 2006 should be up for election in 2008. The individuals elected in 2004 would therefore serve a 4-year terms (as the law requires) while the individuals elected in 2003 would serve 3-year terms in order to re-stagger the new terms of office for future elections." McGeehan letter p. 8.

The positions of Defendants Young and Boone—who were elected in 2004—were  (and are) scheduled for election in 2008 and the other three positions were scheduled for election in 2006.

H.B. 2148

32. Plaintiff's narrow interpretation of the interaction between H.B. 2148 and the Water Code would mean that the election procedures of the PCFWSD No. 1 were frozen in time and could not be changed without a special act of the Legislature. The PCFWSD would have to hold election every year in April and its directors would serve two-year terms. Clearly this is not what the Legislature intended when it adopted Chapter 49 of the Water Code and made changes to the uniform election date. Defendant has attached as exhibits C, D, and E--bill analysis for S.B. 626 and its companion bill C.S.H.B. 1104 (1995 changes to the Water Code) and a bill analysis for S.B. 1865 (1997 amendments to the Water Code).

33. For example, the bill analysis for S.B. 1865 includes the following statement:

> "In the past, a variety of procedural requirements governed the numerous special law districts, and many general law district chapters were inconsistent. These inconsistencies lead to confusion among citizens, district board members, and state agency personnel.
>
> During the 74th Legislative Session, S.B. 626 was passed, which consolidated the procedural and administrative sections of several district chapters into a new Chapter 49, moved the regional district sections to a new Chapter 59, and made conforming amendments in each of the general law district chapters.
>
> Since the 74th Legislative Session, water districts around the state have operated under the new Chapter 49. These districts have discovered that certain technical corrections and clarifications in the law as enacted are in order. In addition, changes that were not included in S.B. 626 are needed." Bill analysis, S.B. 1865, Defendants' Exhibit E, p. 1-2.

34. H.B. 2148 did not refer to Chapter 49 of the Water Code because Chapter 49 was not added until 1995.

35. House Bill 2148 by referring to Chapter 53 of the Texas Water Code does not exclude the application of other provisions of Texas statutes that are not in conflict with Chapter 53.

36. Chapter 53 of the Texas Water Code, at § 53.103 provides that "A district has the powers of government and authority to exercise the rights, privileges and functions given to it by this chapter or by any other state law."

37. It is also important to note that at the same time it added Chapter 49 to the Water Code the Legislature repealed the following sections of Chapter 53 of the Water Code: 53.020, 53.022, 53.023, 53.025 through 53.028, 53.035 through 53.039, 53.064, 53.065, 53.067 through 53.070, 53.0721, 53.076, 53.077, 53.084 through 53.087, 53.089, 53.090, 53.105, 53.106, 53.108 through 53.111, 53.114, 53.117 through 53.120, 53.123, 53.124, 53.125, 53.141 through 53.144, 53.147, 53.148, 53.173, 53.174, 53.175, 53.1791, 53.197, 53.198, and 53.231 through 53.273.[5]

38. The legislature also repealed similar sections of the chapters that applied to Water Control and Improvement Districts, Underground Water Conservation Districts, Fresh Water Supply Districts, Municipal Utility Districts, Water Improvement Districts, Drainage Districts, Levee Improvement Districts, Irrigation Districts, and Stormwater Control Districts.

39. The goal of Chapter 49 of the Water Code was to provide uniformity for water districts and that goal would be thwarted if Plaintiff's interpretation of H.B. 2148 is adopted.

Exhibits

40. Defendants submit the following exhibits, which are included in the Appendix and incorporated herein by reference for all purposes:

Exhibit A—1995 Tex. Sess. Law Serv. Ch. 715 (S.B. 626) (VERNON'S).

Exhibit B—1997 Tex. Sess. Law Serv. Ch. 1070 (S.B. 1865) (VERNON'S).

Exhibit C— Bill analysis for S.B. 626 (1995 changes to the Water Code).

Exhibit D— Bill analysis for C.S.H.B. 1104 (Companion bill to S.B. 626).

---

[5] 1995 Tex. Sess. Law Serv. Ch. 715 (S.B. 626) (VERNON'S), Defendant's Exhibit A.

Exhibits E— Bill analysis for S.B. 1865 (1997 changes to the Water Code).

Exhibit F— H.B. 2148.

Exhibit G— Texas Water Code 49.103.

<u>Conclusion</u>

41. The provisions of Section 49.103 of the Water Code apply to the PCFWSD No. 1 and its elections must be held in even numbered years and its directors terms are four-year terms.

42. The PCFWSD No. 1 was not authorized to hold an election in 2005.

43. The PCFWSD No. 1 had the authority to adopt single-member districts and assign its directors to positions.

<u>Prayer</u>

44. Defendants respectfully request that the Court rule on the contested issues of law prior to voir dire and that the Court order that neither party argue to the Jury that the law is different from the ruling of the Court.

Respectfully submitted,

WRIGHT & GREENHILL, P.C.
221 West 6th Street, Suite 1800
Austin, Texas 78701
512/476-4600
512/476-5382 (Fax)


By:_____/s/_____
    Matthew C. Waddell, lead attorney
    State Bar No. 00791861
    e-mail: mwaddell@w-g.com
ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

      I hereby certify that I filed the foregoing document on this 29th day of May 2007 with the Clerk of Court using the CM/ECF system, which will send notification to the following:

Chris Taylor
AKIN GUMP STRAUSS HAUER & FELD
300 West 6th Street, Suite 2100
Austin, Texas 78701

                                                  /s/
                                     Matthew Waddell