IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TOMMY RICE AND <br> J.R. "DICKIE" JACKS, JR., <br><br> *Plaintiffs*, <br><br> V. <br><br> ROGER WILLIAMS, BOARD OF SUPERVISORS OF PANOLA COUNTY FRESHWATER SUPPLY DISTRICT NO. 1, TIMOTHY BOONE, JAMES YOUNG, DOUGLAS BAKER, SHIRLEY REED, DREW NIXON, AND LARRY FIELDS, <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § | CAUSE NO. 6:06-CV-341 |

**PRELIMINARY ORDER ON**
**DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Tommy Rice brings the following causes of action against the Defendants:

(1) A claim for a declaratory judgment that the Defendants' actions with respect to elections procedure violate the Texas Election and/or Water Codes;

(2) A claim for a declaration of Plaintiff's rights under his lease with the Panola County Freshwater Supply District No. 1;

(3) A claim that elections held by Defendants have violated the Texas Water and Election Codes;

(4) A claim under 42 U.S.C. § 1983 for violation of Plaintiff's right to vote under color of law;

(5) A claim under 42 U.S.C. § 1983 for deprivation of Plaintiff's valuable property rights under color of law; and

>   (6)   A claim against the Defendants for breach of contract with respect to Plaintiff's lease with the Water District.

This case centers around the Panola County Freshwater Supply District No. 1 (the "Water District") in Panola County, Texas. Plaintiff brings the above-stated causes of action against the Water District's Board of Supervisors (the "Board" or "Water District Board");[1] against Water District Board members Timothy Boone, James Young, Douglas Baker, and Shirley Reed;[2] against Drew Nixon, the Water District's former accountant; and against Larry Fields, the Board's legal counsel.

The Defendants have moved for summary judgment as to all Defendants on each of Plaintiff's § 1983 claims as well as Plaintiff's claims for declaratory judgment and breach of contract arising out of Plaintiff's lease with the Water District. The individual Defendants have also pleaded various immunities and have moved that all claims against them in their individual capacities should be dismissed.

After considering the Defendants' motions for summary judgment, the Plaintiff's responses, all of the summary judgment evidence, and the argument of counsel at the pretrial

---

[1] Although the Plaintiffs filed suit against the Board, it did not name the Water District as a defendant. To the extent that Plaintiff has brought suit against the individual Defendants in their *official capacities*, these claims are construed as being brought against the Water District itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). Furthermore, references to claims against the Water District Board are also construed as claims against the Water District itself. *Id*.

[2] Defendants' counsel has filed a suggestion of death as to Defendant Shirley Reed (Docket Entry No. 51).

conference, the Court announced at the pretrial conference that it was granting summary judgment as to all Defendants on the Plaintiff's § 1983 claim for deprivation of property rights and on Plaintiff's claims for breach of contract and declaratory judgment as to the Plaintiff's lease with the Water District. The Court did not announce its decision as to the remaining claims and has continued to review and consider the remaining causes of action and evidence.

After further review of the summary judgment evidence and the argument of counsel in their briefs and at the pretrial conference, the Court is now of the opinion that summary judgment should be granted as to all Defendants on the Plaintiff's § 1983 claim for violation of Plaintiff's right to vote, as well as on the individual Defendants' defenses of legislative, qualified, and First Amendment immunity. Accordingly, the Court dismisses the Plaintiff's § 1983 right to vote claim and all claims against the individual Defendants in their individual capacities.

The remaining causes of action are Plaintiff's claims for declaratory judgment under and violation of the Texas Water and Election Codes against both the Water District Board and the individual Defendants in their official capacities.

As to the remaining causes of action, the Court has reviewed the Plaintiff's allegations and the evidence in the record and is of the opinion that summary judgment on these claims may also be appropriate on the grounds that these claims are not supported by sufficient evidence or that they are barred under various available defenses, including the applicable

statutes of limitations and failure to exhaust available remedies. A court may enter summary judgment *sua sponte* if the parties are provided with at least ten days notice and an opportunity to present argument and evidence opposing the judgment. *See St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 435 (5th Cir. 2000). The Plaintiff will therefore be given the opportunity to put forth evidence to show precisely how he intends to prove his remaining causes of action at trial and demonstrate why summary judgment on the remaining claims should not be entered. Once the Plaintiff has responded, the Court will issue a formal opinion stating its reasons for all of its summary judgment rulings, including any rulings on the remaining causes of action. It is therefore

**ORDERED** that the Defendants' motions for summary judgment should be **GRANTED** and that Plaintiff's claims under § 1983, claims for declaratory judgment and breach of contract on Plaintiff's lease with the Water District, and all claims against the individual defendants in their individual capacities are hereby **DISMISSED**. It is further

**ORDERED** that Plaintiff shall have ten days from the entry of this order to submit any argument and summary judgment evidence supporting his remaining causes of action under the Texas Water and Election Codes. The Plaintiff's evidence shall be restricted to, and will be considered by the Court solely with reference to, the remaining causes of action. It is further

**ORDERED** that Defendant shall have four days from the entry of Plaintiff's briefing to submit a response. It is further

**ORDERED** that any briefs or evidence submitted under this order shall be submitted in accordance with federal and local rules governing motions for summary judgment.  It is finally

**ORDERED** that jury selection and trial, which were previously set for June 12, 2007, are hereby cancelled and will be reset if necessary.

**It is SO ORDERED.**

**SIGNED this 8th day of June, 2007.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE